No. 9878.

## THE STATE, EX REL. McCLAMROCK, ADMINISTRATOR, *v.* GREGORY ET AL.

DECEDENTS' ESTATES.—*Administrator's Bond.*—*Principal and Surety.*—*New Bond.*—*Pleading.*—*Release of Surety.*—To a complaint on an administrator's bond against the sureties, an answer that before breach the sureties were, by proper order of court, released, and a new bond given, is good on demurrer.

SAME.—*Domicile of Intestate.*—*Diligence in Collecting Claims.*—*Foreign Administrator.*—An administrator appointed in this State is bound to use due diligence in collecting claims due the estate here, though the intestate at his death was domiciled in another State, and there was an administrator there who was first appointed.

From the Warren Circuit Court.

The State, *ex rel.* McClamrock, Administrator, *v.* Gregory *et al.*

*J. McCabe* and *E. F. McCabe,* for appellant.

BICKNELL, C. C.—This was an action upon an administrator's bond; it was commenced against the administrator and his sureties, and was afterwards dismissed as to the administrator. The administrator had been removed, and the plaintiff's relator had been appointed administrator *de bonis non.*

The complaint averred that $3,000 of the intestate's estate came to the hands of the administrator; that he failed to make an inventory thereof, never accounted for it, and converted it to his own use.

A second paragraph of complaint averred that Alexander Croy, of the State of Missouri, had been acting as administrator of the same estate, under an alleged appointment in that State, and had employed an attorney to collect money belonging to said estate, who had collected $3,000 thereof without suit; that afterwards there were creditors and distributees of said estate residing in Indiana who procured the appointment of said attorney as administrator in this State, who thereupon gave the bond in suit, and violated its conditions as aforesaid, and was afterwards removed, and plaintiff's relator was appointed his successor, and that said administrator failed to collect other money of said estate, to wit, $1,000, which he might have collected, etc. The bond was in the common form, with condition for the faithful discharge of the duties of the trust.

Demurrers to said paragraphs were overruled. The defendants answered in nine paragraphs, to wit:

1st. A verified denial of the execution of the bond.

2d. The general denial.

3d. That the signatures of the defendants on the bond were obtained by the false and fraudulent representations of the principal, that two other responsible persons were to be co-sureties, etc.

4th. As to all of the first paragraph of the complaint except the charge of failing to make an inventory, that said admin-

The State, *ex rel.* McClamrock, Administrator, *v.* Gregory *et al.*

istrator accounted with the proper court, in June, 1879, for all the assets which ever came to his hands as such administrator, showing a balance in his hands of $191.82, which accounting was approved by the court, and said approval still remains unchanged, embracing the same matters complained of in said first paragraph, and that, by an order of said court at the October term, 1879, and before any default whatever on the part of said administrator, these defendants were released from said bond, and said administrator gave other sureties who were approved by the court, etc., which last order has not been changed or modified.

5th. As to the entire complaint, except the charge of failing to make an inventory, that before the breaches assigned, in October, 1879, these defendants were by the proper court released from their said suretyship, and said administrator gave a new bond, etc.

6th. As to all the charges of conversion and failure to pay, except as to $191.82, that said administrator, in June, 1879, fully accounted with said court for all of said assets except said $191.82, which accounting was approved by said court, and said approval remains unchanged, embracing the same matters complained of, and that afterwards, in October, 1879, these defendants were by said court released from their suretyship, and said administrator gave a new bond, and no breach of the bond sued on occurred until long afterwards.

7th. As to the second paragraph of the complaint, that during the life of the intestate Moses Spencer owed him $1,600, and died owing the same, and the intestate, at the time of his death, had his domicile in Daviess county, Missouri, and held the notes given for said $1,600, and had property there; that one Alexander Croy was there duly appointed his administrator, and gave bond as such. To this paragraph were annexed copies of the proceedings in the appointment of said Alexander Croy, and of his bond and letters of administration, certified by the clerk of the probate court of said Daviess county, Missouri.

8th. As to said second paragraph of complaint, that none of the money mentioned in the complaint ever came to the hands of the said administrator as such.

9th. As to the same second paragraph, that long before his appointment said Indiana administrator was the attorney of Alexander Croy, an administrator of said intestate, duly appointed as such in the State of Missouri, and as such attorney collected the money mentioned in said second paragraph, and that at the time of said administrator's appointment in Indiana said money was not, nor was it at any time afterwards, subject to administration in Indiana.

Demurrers were sustained as to the third, eighth and ninth paragraphs of answer, and demurrers were overruled as to said fourth, fifth, sixth and seventh paragraphs of answer.

The plaintiff replied in denial of each of said fourth, fifth, sixth and seventh paragraphs. The issues were tried by the court, who found for the defendants, overruled the plaintiff's motion for a new trial, and rendered judgment against him on the finding. The plaintiff appealed. The errors assigned are, overruling the demurrers to the fourth, fifth, sixth and seventh paragraphs of the answer, and overruling the motion for a new trial.

We think there was no error in overruling the demurrer to the fourth paragraph. It was pleaded to the first paragraph of the complaint, except as to the charge of failing to make an inventory. That paragraph assigned two breaches only: 1. Failure to make an inventory. 2. The wrongful conversion to his own use, by the administrator, of $3,000, which came into his hands as administrator. These breaches are the first and fifth of the ten causes for which the sureties in an administrator's bond are made liable by statute. 2 R. S. 1876, pp. 550, 551. If, as the fourth paragraph alleges, the administrator accounted with the proper court for all the moneys which ever came to his hands as administrator, and such accounting was approved by the court, and remains

unchanged and unmodified, showing a balance in his hands of $191.82; and if these defendants were released from their bond before any breaches occurred, then there was no conversion as charged in the complaint, and nothing for which these defendants are liable.

So as to the fifth paragraph of the answer. If, as that paragraph alleges, these defendants were discharged from their suretyship, and the administrator gave a new bond, before any of the breaches assigned in the complaint occurred, these defendants can not be held liable for any subsequent breach. There was no error in overruling the demurrer to the fifth paragraph.

The sixth paragraph of the answer is pleaded as to all the charges of conversion and failure to pay, except as to $191.82. If, as this paragraph alleges, the administrator, in June, 1879, fully accounted with the court for all of the assets except said $191.82, and said accounting embraced all the matters complained of, and was approved by the court, and if said approval remains unchanged and unmodified, and if in October, 1879, these defendants were released from their bond, and no breach sued on occurred until long afterwards, these defendants are not liable for such subsequent breach.

The seventh paragraph of answer is pleaded to the second paragraph of the complaint. That paragraph of the complaint alleges that, before the appointment of the administrator, he, as attorney for Alexander Croy of Missouri, who was acting as administrator of the intestate under an alleged appointment made in Missouri, had collected $3,000 in Indiana belonging to the intestate's estate, and that said attorney, having been appointed administrator here, neglected to charge himself as such with said sum of $3,000 in his hands, or to inventory the same, or to account for it and pay it over, but converted it to his own use, and also failed to collect $1,000 of other money due said estate, which he might have collected, and failed to make an inventory of said $1,000. The breaches assigned in this paragraph are the first, the third and the fifth

of the ten causes for which the sureties in an administrator's bond are made liable by the statute. 2 R. S. 1876, *supra*.

The seventh paragraph of the answer merely states that when the intestate died his domicile was in Daviess county, Missouri; that at the time of his death he held the notes of Moses Spencer for $1,600, and that Alexander Croy was appointed in said Daviess county as the administrator of the intestate, and gave bond as such in the sum of $6,000. This was not a sufficient answer to the second paragraph of the complaint. The administrator here was bound to use due diligence in collecting claims due the estate here, notwithstanding the previous appointment of an administrator in Missouri. The court erred in overruling the demurrer to the seventh paragraph of the answer. As the judgment must be reversed for this error, it is unnecessary to consider the error assigned upon the overruling of the motion for a new trial.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellees, with instructions to sustain the demurrer to the seventh paragraph of the answer.