The State, *ex rel.* Croy, Administrator, *v.* Gregory *et al.*

Filed October 7, 1892.

---

No. 15,923.

The State, ex rel. Croy, Administrator, *v.* Gregory et al.

| 132 | 387 |
| 144 | 297 |
| 132 | 387 |
| 152 | 522 |

Instructions to Jury.—*Joint Exception.—Separate Instructions not Brought. in Review.*—A joint exception to the giving of two instructions, assigned as a reason for a new trial, does not bring in review the instructions given severally or separately, and one of such instructions being conceded to be correct, the other will not be examined by the Supreme Court.

Evidence.—*Action upon Bond.—Plea of Non Est Factum.—Evidence Admissible Under.*—In an action upon a bond, when a plea of *non est factum* was interposed, defendants may testify as to what was done and said at the time they signed it. The fact as to whether they did or did not execute the bond could be ascertained in no better way.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*C. V. McAdams, H. H. Dochterman,* and *D. Simms,* for appellees.

COFFEY, J.—This case is here for the third time. *State, ex rel.,* v. *Gregory,* 88 Ind. 110 ; *State, ex rel.,* v. *Gregory,* 119 Ind. 503.

It is a suit upon an administrator's bond to which, among other pleas; the appellees interposed a plea of *non est factum.*

Upon the issue formed by the plea of *non est factum* the circuit court, at the request of the appellees, instructed the jury as follows :

3. "If a paper intended to become a bond shows upon its face that several are to execute it, and the clerk understands and knows from the persons who are to sign it or who are signing it, that it is not to become a bond of one or more until all who the clerk knows are to sign it, do sign it, the clerk can not, by anything he can do to such bond or with it, make such paper a binding and valid obligation upon any who do sign it until all who such clerk knows are to sign it do sign it. Until such time there is no delivery of such bond as to any who do sign such bond."

It is contended by the appellant that the circuit court erred in giving this instruction, while on the other hand it is contended by appellees that the question of the correctness of the instruction is not presented by the record in such a manner as to authorize us to consider it, for the reason that there was no separate exception to the action of the court in giving it, and for the further reason that the giving of this instruction was not assigned as a separate reason for a new trial. In other words, it is contended by the appellees that this instruction was excepted to jointly with other instructions which are conceded to be a correct exposition of law, and that the giving of this

The State, *ex rel.* Croy, Administrator, *v.* Gregory *et al.*

instruction jointly with others was assigned as a reason for a new trial. This contention renders it necessary to examine the record so far as it relates to this branch of the case.

The instructions given by the court are brought into the record by a bill of exceptions. So much of the bill as relates to the question before is as follows: "And these were all the instructions given by the court to the jury in this cause, and to the giving of the third and fourth instructions given by the court at the request of the defendants, the plaintiff at the time excepted."

The reason assigned for a new trial is in the following language:

3. "Because the court erred in giving to the jury the third and fourth instructions asked by the defendants."

That the exception to giving the third and fourth instructions asked by the appellees is a joint exception, and that the motion for a new trial only calls in question the action of the court in giving these instructions jointly, we think, is too plain for controversy. *Brown* v. *Gooden,* 16 Ind. 444; *Jewett* v. *Honey Creek, etc., Tp.,* 39 Ind. 245; *Stanford* v. *Davis,* 54 Ind. 45; *Washington Township* v. *Bonney,* 45 Ind. 77; *Silvers* v. *Junction R. R. Co.,* 43 Ind. 435.

The question, therefore, is presented as to whether a joint exception to the giving of instructions, assigned as a reason for a new trial, brings in review the instructions given severally or separately.

Judge Elliott, in his work entitled Appellate Procedu e, section 791, says: "A party is not bound to object to instructions, but he is required to opportunely and appropriately except to them. It has been finally held by our court, after much wavering, that the exception must be taken to each instruction."

In the case of *Ohio, etc., R. W. Co.* v. *McCartney,* 121 Ind. 385, the appellant moved for a new trial on account of

supposed error in giving an entire series of instructions, and in discussing the question as to whether this was proper practice, the court said: "Such an assignment, like a joint demurrer to separate paragraphs of a pleading, can only be maintained by showing that all the instructions are incorrect. It is an established rule that a motion for a new trial, which assigns as a cause that the court erred in giving or refusing instructions, must specify with reasonable certainty the particular instruction upon which error is predicated."

The reason given for the rule is, that as the object of motion for a new trial is to bring the attention of the court to the precise point in respect to which error is supposed to have been committed, the point must be so stated in the motion as to leave no room for reasonable doubt that the court's attention was called to it.

If a party may except jointly to two instructions, and by assigning the action of the court in giving them both as a reson for a new trial require the consideration of the instructions separately, he may do likewise as to three, four, or any given number, including a whole series. This we have seen he can not do. In our opinion the question as to whether the third instruction asked by the appellees and given by the court is not before us in such a manner as to authorize us to consider it separately. There is no objection made to the fourth instruction given in connection with the third. We are not, therefore, required to examine it with a view of discovering some error therein.

The court did not err in permitting the appellees to testify as to what was done and said at the time they signed the bond in suit. The fact as to whether they did or did not execute the bond could be ascertained in no better way.

We are not prepared to hold that there is no evidence in the record tending to support the verdict of the jury. There is some evidence from which they might have found

for the appellees, and in such case, under the well known rules of this court, we can not disturb their verdict.

Judgment affirmed.

Filed Oct. 8, 1892.