## DAMERON *v.* STATE OF INDIANA.

[No. 24,772. Filed February 14, 1929. Rehearing denied April 18, 1929.]

*Philip C. Gould,. Robert W. Armstrong* and *Ralston, Gates, Lairy, VanNuys & Barnard,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The affidavit in this case was filed in the clerk's office of the Warrick Circuit Court on the 12th day of February, 1924, and charged, in substance, that on or about the 26th day of July, 1923, at Warrick County, in the State of Indiana, Charles E. Dameron, did then and there unlawfully, knowingly, and feloniously unite, combine, conspire, confederate and agree to and with Henry Will, Jr., for the object and purpose and with the unlawful and felonious intent to then and there unlawfully and feloniously have and possess certain stills, devices and property for the manufacture of intoxicating liquor intended for use in violation of the laws of this state, contrary to the form of the statute in such cases made and provided.

To this affidavit, a plea of not guilty was entered, and the trial upon the issues thus formed was by a jury. The jury returned a verdict of guilty and fixed his punishment at a fine of $275, and found his true age as shown

by the evidence to be 34 years. A motion for a new trial was made and overruled and judgment rendered on the verdict of the jury, as follows: "It is therefore ordered and considered and adjudged by the court that the defendant for the offense by him committed be fined in the penal sum of $275 and that he be imprisoned in the state prison, at Michigan City, Indiana, for the indeterminate period of not less than two years nor more than fourteen years; and that he stand committed until said fine and all costs be paid or replevied." From the judgment this appeal is taken. The assignment of error is that the court erred in overruling appellant's motion for a new trial. The specifications of error are that the court erred in the refusing and giving of certain instructions and that the verdict of the jury is contrary to law.

A conspiracy is a corrupt agreeing together of two or more persons to do by concerted acts something unlawful either as a means or as an end. 2 Bishop, Crim. Law (9th ed.) §171, p. 121.

In this case, the appellant is charged with entering into a conspiracy to commit a felony. The felony is described in the statute as follows: "That it shall be unlawful for any person to have in his possession or under his control or to use any still or distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of this state. Any person violating this section shall be deemed guilty of a felony and shall be imprisoned not less than one year nor more than five years." Acts 1923 p. 107. This act was approved March 1, 1923, and contained an emergency clause, and therefore went into effect the day it was approved. This statute describes the purposed offense which this appellant is charged with a conspiracy to commit. The statute under which this affidavit was drawn is §2882

Burns 1926. There is no attack upon the sufficiency of the affidavit.

The evidence in the case is undisputed. The defendant offered no evidence on his behalf and did not testify himself. The only witnesses for the State were Henry Will, Jr., named in the affidavit as a co-conspirator, and Barbara Will, his wife. The evidence shows that, before the statute was passed which made the purposed offense a felony, this appellant took some stills out to the farm upon which the witness Will lived, and that this appellant sent a man out to the farm to run the stills. This was before the 1st of March, 1923; and before that time, March 1, 1923, the appellant sold his interest in the stills to his co-conspirator, Henry Will, Jr., and while the stills were at the place in the country, the appellant was running them. Will testified that appellant made an agreement with him that he, Will, should buy the stills from appellant and give him 12 gallons of whisky for them. Will then started running the stills and ran them until the 26th day of January, 1924, when he was arrested. That appellant got whisky from March, 1923, to October, 1923; that he never made whisky for anybody else; that appellant took all his whisky and paid him $5 a gallon for it. Barbara Will testified that the appellant was out at the place several times for whisky and on one occasion appellant said that Mr. Will was not making enough to make himself any money; that appellant was out there last in the fall of 1923.

This evidence, which is not disputed in any way, shows that the appellant and Will worked together in the operation of the stills on that farm in Warrick County. This continued about a year, and before the 1st day of March, 1923, the appellant agreed to sell the stills to Will, and Will ran them and turned over all of the whisky to appellant at an agreed price of $5 a gallon. This state of affairs continued until Will was

arrested for operating a still. He plead guilty and was sent to the penal farm.

It is argued by appellant in his brief, that the appellant never had any control over the stills after he made this agreement to sell them to Will for 12 gallons of whisky, and says that the affidavit does not charge the appellant with having the control over the stills while they were being operated by Will. But the purposed felony in this case was the felony described in the act approved March 1, 1923, and there is no contention in this appeal that the affidavit was not sufficient, and, as shown by the statute, the felony which he was charged with conspiring to commit, was to have in his possession or under his control stills for the manufacture of intoxicating liquor intended for use in violation of the laws of this state. The evidence points clearly to an understanding that the appellant was to have control of the stills on that place before and after the 1st day of March, 1923; that all the whisky was made for appellant and he got all that was made, and it appears that appellant complained because there was not more made and delivered to him. This evidence was submitted to the jury on trial of the cause, and the facts so shown to exist, both before and after the 1st day of March, 1923, up to the time when Will was arrested in 1924, are sufficient to sustain the verdict that a conspiracy, as alleged in the affidavit in this case, existed. The evidence shows that the stills were under the control of appellant pursuant to the conspiracy alleged in the affidavit.

A conspiracy may be proved by circumstantial evidence. *Archer* v. *State* (1886), 106 Ind. 426, 7 N. E. 225; *McKee* v. *State* (1887), 111 Ind. 378, 12 N. E. 510.

In discussing the subject of conspiracy to commit a felony, McFadden, Prohibition §366, says: "The gist of the charge is the conspiracy, not the objective crime,

and the conspiracy is punishable, if the intended crime be accomplished, and it is also punishable, if it is not accomplished. All the conspirators need not join in the overt act, and it is no bar to the existence of a conspiracy that it is to be entirely executed by one of the conspirators."

The appellant asserts that the giving of instruction No. 9 is improper and erroneous because it is not based upon any evidence tending to prove that the defendant continued the conspiracy subsequent to June or July, 1923. We do not so construe the evidence. There is abundant evidence to show the existence of the alleged conspiracy before March, 1923, and the continuance of such conspiracy after that date. The appellant's contention is without merit.

Appellant next contends that it was error to refuse to give instructions Nos. 4, 5 and 8, tendered by appellant and requested by him to be given. Appellant contends that said instructions should have been given because he says the evidence does not show that appellant had any interest in the stills after the 1st of March, 1923. If it be true that the appellant parted with his ownership in the stills before the 1st day of March, 1923, he might have retained or assumed control of them after he parted with his property interest in them. The instructions tendered by appellant were properly refused.

The verdict of the jury is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.