## HERMANN *v.* STATE OF INDIANA.

[No. 25,443.   Filed March 21, 1930.]

*Ira M. Holmes*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Bernard A. Keltner*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—Appellant and another were tried on an affidavit charging them with a conspiracy to commit a felony, to wit: unlawful possession of a still and distilling apparatus and use of said still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana. See §2882 Burns 1926.

Upon arraignment, appellant pleaded not guilty and the cause was submitted to a trial before a jury and he was found guilty. The court rendered judgment on the verdict. A new trial was asked and refused, and from such judgment this appeal was taken.

The only error relied upon in this appeal is the ruling of the court on the motion for a new trial. The motion for a new trial alleges the following reasons: (1) Error of law occurring at the trial, in this, that the court erred in giving of its own motion instructions Nos. 1 to 13, both inclusive; (2) the verdict of the jury is contrary to law; (3) the verdict of the jury is not sustained by sufficient evidence.

In appellant's brief, under Points and Authorities, he

says: "The first cause assigned for a new trial is, the court erred in giving on its own motion instructions 1 to 13." Under this specification, the appellant makes the following points: The appellant says that instruction No. 8 is erroneous for the reason that in said instruction after the word "prove" and after the word "evidence" the court has erroneously omitted to use the words "beyond a reasonable doubt"; by failing to insert the words "beyond a reasonable doubt" appellant contends that the jury was improperly instructed, for the reason that said instruction was misleading and that it wrongfully guided the jury in arriving at its verdict; that said instruction instructed said jury to infer certain facts when the well-settled rule of law imposes on the State the burden of establishing beyond a reasonable doubt the guilt of the appellant. Appellant further contends that instructions Nos. 7, 8 and 9 are conflicting and misleading and that they do not correctly state the law; that the court improperly instructed said jury by giving said instructions, Nos. 7, 8 and 9, and that said instructions misled the jury.

It will be observed that appellant insists that three out of 13 instructions given were erroneous, while the correctness of the other instructions given is not questioned. By failing to point out objections to the other instructions, appellant admits that they are correct. An assignment in a motion for a new trial challenging all instructions given by the court as an entirety is not available on appeal unless all instructions so challenged are erroneous. *Ginn* v. *State* (1903), 161 Ind. 292, 68 N. E. 294; *Conrad* v. *State* (1896), 144 Ind. 290, 43 N. E. 221; *State, ex rel.,* v. *Gregory* (1892), 132 Ind. 387, 31 N. E. 952; Elliott, Appellate Procedure §791.

The second and third causes assigned for a new trial are that the verdict of the jury is contrary to law and

that the verdict of the jury is not sustained by sufficient evidence. Under this heading, all the points and authorities hereafter cited are addressed to both of said assignments for a new trial and considered together.

The charging part of the affidavit alleges: "That Oscar Hermann and Harold O'Hair on or about the 28th day of September, A. D. 1926, at and in the county of Marion and State of Indiana, did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate, and agree to and with each other, for the object and purpose, and with the unlawful and felonious intent, to then and there unlawfully and feloniously have in their possession and under their control a certain still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana, and did then and there use said still and distilling apparatus in and for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana."

Appellant alleges that the evidence affirmatively shows that the appellant was not present at the place where the alleged still was found at the time the same was discovered by the police officers. That the evidence affirmatively shows that, at the time of the arrest of Harold O'Hair, he claimed ownership of the alleged still, and that, with the exception of the testimony of O'Hair, appellant was not the owner of the alleged still and had no connection with said still. It shows that O'Hair was convicted of operating a still at 901 North East Street. O'Hair testified that he was employed by the appellant.

Appellant sets out the testimony of O'Hair in his brief, which shows that O'Hair, when arrested, gave the name of James Wilson. That he was 21 years old and his home was in Chicago. That he did not live with his mother. That he knew the appellant in the summer of

1926, and that the appellant was going to give him a job; and had told him several times that he would let him know when the job was open for him; that he afterward went to work for appellant; that he and appellant moved some equipment from the Pennsylvania Street address to 901 North East Street; that he and appellant loaded barrels into a truck and appellant drove the truck; that he and appellant moved some furniture, chairs, half-gallon measure, funnels, oil stoves, coal and a 300-gallon tank; that they made several trips and that they took the stuff to 901 North East Street, upstairs; that O'Hair's mother lived there and that he and appellant put sugar and yeast and water in the barrels; that appellant asked witness if the upstairs could be rented and that he talked it over with his mother and she consented to it; that it was rented under the name of Wilson, and that witness just picked up the name of Wilson; that appellant bought a Ford automobile for the witness; that witness had known the appellant five years. On cross-examination, O'Hair said that his right name was O'Hair; that he moved the barrels and paraphernalia; that his mother consented to his renting the upstairs in the name of Wilson; that his mother is now sick in Chicago; that he did not work from May to August; that the room had been occupied by a woman; that he did not know her name and that she moved out the latter part of July; that his mother told the woman to move out.

Another witness testified that she lived at 520 E. Pratt Street, right in back of 901 North East Street; that she knew appellant and Harold O'Hair when she saw them; that she saw them around in the summer time, but could not say what month; that she saw the appellant and O'Hair together several times and that they carried things in and out of a Ford truck.

A city detective testified that he knows where 901

North East Street is and that he knows Harold O'Hair; that, on the 28th and 29th days of September, 1926, he and other police officers went to 901 North East Street; that they found a 100-gallon tank set up with 100 gallons of mash in it for the brew, a coal-oil stove, with 12 burners, a pipe leading from the tank, 19 barrels of mash brewing, a hose running through the wall, a force pump, a 20-gallon jar, with five or six gallons of distilled whisky, another copper tank in the summer kitchen, and empty 5-gallon cans; that they found this upstairs at 901 North East Street; that his partner, detective Hillman, and Inspector Worley, Capt. Paulsell and Sergeant Deieter and his squad were with him; that they put O'Hair under arrest, but did not see appellant there at that time.

Conspiracy may be proved by circumstantial evidence without showing the existence or terms of a formal agreement among the conspirators. *Dameron* v. *State* (1929), *ante* 53, 165 N. E. 58; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039.

Under subd. 3, §2267 Burns 1926, in classifying who are competent witnesses, the third class, accomplices, are designated as competent when they consent to testify. Conviction may be had on the uncorroborated testimony of an accomplice. *Adams* v. *State* (1923), 194 Ind. 512, 141 N. E. 460; *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422.

A conspiracy is a corrupt agreeing together of two or more persons to do by concerted action something unlawful either as a means or as an end. 2 Bishop's Crim. Law (9th ed.) §171.

In prosecutions under §2882 Burns 1926, for conspiracy to commit a felony by possessing a still for the manufacture of intoxicating liquor, it is not necessary to charge in the affidavit that con-

spirators were to have joint possession of the still or distilling apparatus. *Eacock* v. *State, supra. Dameron* v. *State, supra.* A conspiracy may be inferred from all the circumstances accompanying the doing of the act. *McKee* v. *State* (1887), 111 Ind. 378, 12 N. E. 510; *Brock* v. *State* (1922), 192 Ind. 365, 136 N. E. 574.

The accomplice, O'Hair, testified that the appellant owned the still. It was not necessary that an express agreement between appellant and O'Hair be established. *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54.

It is held in *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697, that an appellant seeking the reversal of a judgment because the finding of the court was not sustained by sufficient evidence must point out in his brief, under the heading of "Points and Authorities," where the evidence is insufficient to prove some material element of the crime charged.

In considering whether a verdict is supported by sufficient evidence, we can consider only the evidence sustaining the verdict, and cannot give any credence to the evidence contradicting the evidence which supports the verdict. *Humble* v. *State* (1928), 199 Ind. 653, 160 N. E. 41; *Thompson* v. *State* (1928), 199 Ind. 697, 160 N. E. 293; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

The evidence is sufficient to support the verdict, and the verdict is not contrary to law.

Judgment affirmed.