## McCORMICK v. STATE OF INDIANA

[No. 27,435. Filed December 10, 1940.]

Rochford & Rochford, of Indianapolis, for appellant.

Samuel D. Jackson, Attorney General, and Rexell A. Boyd, Deputy Attorney General, for the State.

SHAKE, J.—The appellant was indicted for assault and battery with intent to rape by the Grand Jury of Marion County. He entered a plea of not guilty and was tried by the Honorable Clarence F. Merrell, as Special Judge, without the intervention of a jury; adjudged guilty of assault and battery; and sentenced to the Indiana State Farm for 90 days and fined $100 and costs. The only errors properly presented to this court are that the finding is not sustained by sufficient evidence and that it is contrary to law.

The evidence favorable to the state was to the effect that on the night of May 21, 1939, a young lady, who will be referred to in this opinion as the prosecuting witness, was employed at a drug store in the downtown section of Indianapolis. Shortly after midnight, while on her way home alone, she was accosted by the appellant from an automobile. The appellant was a member of the city police force, in uniform, and wearing a badge. The witness did not stop when the appellant called to her, and he then said: "Come back here, this is a police officer speaking." She then went to the car and was told: "Get in the car, I am going to take you to the police station." When asked why, the appellant stated that the witness "had made a pass" at a man on the street. The witness got into the car and the appellant started driving around the city. The witness became suspicious when the appellant did not proceed in the direction of the police station, and she said to him: "Are you sure you are a police officer?" He then took his billfold containing his identification card, which bore his photograph, from his pocket and exhibited it to her. The appellant drove to a railroad yard, stopped his car, got out, and made improper advances toward the witness, forcibly taking hold of her. The witness resisted, slapped and attempted to kick the appellant,

and screamed, whereupon she was told that she could be sent to the Woman's Prison for such conduct. The attention of a watchman in the railroad yard was attracted to the scene, but when he approached the appellant got into his car and drove away with the witness. He then took her to a point along White River, where he parked the automobile under a viaduct, and repeated his attacks on the witness, keeping her there until approaching daylight. A physician who examined the witness the next day found that she had recent multiple bruises on her thighs, but that she had not been criminally assaulted, as that term is popularly understood.

On this state of the record, the appellant has the temerity to contend that there is no evidence before us of an assault and battery. He asserts that the prosecuting witness entered the automobile of a strange man of her own accord at about 12:45 o'clock a. m. on said day, and that he "offered manifestations of affection towards her."

The conduct of the prosecuting witness in getting into the appellant's car, under the circumstances shown, is to be commended rather than condemned. From the situation as it was made to appear to her, she would have been guilty of resisting arrest had she attempted to escape or refused to accompany the appellant. Law-abiding citizens have a right to expect that they will be protected and not assaulted by police officers. The contention that there is no evidence of an unlawful touching of the person of the witness is equally untenable and we will not dignify it with a discussion of the well-known elements of the offense of assault and battery. It is enough to say that had the appellant been found guilty of assault and battery with intent to rape, or had he been charged with

and convicted of kidnapping, we would have held the evidence sufficient.

We can perceive of no reasonable justification for this appeal, unless it was taken to obtain a respite of a few months from serving the sentence imposed, at the price of having the appellant's official misconduct and moral depravity made a matter of record in the published reports of this court. After the case was fully briefed, the appellant requested an oral argument, which is denied because the request came too late and for the further reason that in the opinion of this court the case does not merit oral presentation.

Judgment affirmed.

NOTE.—Reported in 30 N. E. (2d) 308.