TAYLOR, BRYANT, *v*. STATE OF INDIANA.

[No. 29,320. Filed January 18, 1956.]

*Marvin L. Komisarow* and *Robert A. Buhler,* of Fort Wayne, for appellants.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Harriette Bailey Conn,* Deputy Attorneys General, for appellee.

ACHOR, J.—This is a joint appeal from a conviction in a criminal action charging appellants with the crime of conspiracy to commit a felony, to-wit: second degree burglary.

We have elected to consider this case upon its merits, although a serious question is presented as to whether appellants may not have waived the alleged errors assigned by their failure to comply with the provisions of Rule 2-17 (e) and (f) of this court. *Stearn* v. *State* (1951), 230 Ind. 17, 18, 101 N. E. 2d 67.

The errors assigned and relied upon by appellants are (1) the overruling of appellants' motions to quash the affidavit and (2) that the finding and decision of the

court is not sustained by the evidence and is therefore contrary to law.

The motions to quash are based (a) upon statutory grounds that the facts stated do not constitute a public offense, and (b) that the offense is not charged with sufficient certainty.

The joint affidavit in question reads:

"Undersigned being duly sworn, upon oath says: That on or about the 17th day of March A. D., 1955, at the County of Allen and in the State of Indiana, said defendants, Jerrold Taylor and James Robert Bryant did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and felonious intent then and there to feloniously and burglariously break and enter into the certain one-story, cement block building and structure of South Side Realty, Inc., the same not being then and there a place of human habitation, with intent then and there, therein and thereby to unlawfully and feloniously and burglariously take, steal and carry away the goods, chattels and personal property of Ray A. Mills, d/b/a Ray Mills' Candies, being then and there contrary to the form of the Statutes in such case made and provided."

Appellants cite no authorities in support of their motions to quash. However, an examination of the affidavits disclose that the gist of the charge is a conspiracy to commit a felony, and is in substantial compliance with the statute. §10-1101, Burns' 1942 Repl. (Acts 1905, ch. 169, §641, p. 584). The felony charged is second degree burglary, as defined in §10-701, Burns' 1942 Repl. (Acts 1929, ch. 54, §2, p. 136, 1935, ch. 212, §1, p. 1017, 1941, ch. 148, §4, p. 447.

In support of their contention that the affidavit was

defective for lack of certainty, appellants contend that the affidavit to be sufficient must contain first, a good charge of conspiracy; second, a good charge of second degree burglary and, finally, a good charge of larceny. Appellants cite the fact that the affidavit did not state the date of the intended burglary or the exact location or description of the premises intended to be burglarized. Neither did it describe the personal property the alleged conspirators proposed to burglarize or the value thereof. The language used relative to where the proposed felony was attempted is analogous to that used in *Lee* v. *State* (1938), 213 Ind. 352, 354, 12 N. E. 2d 949. The court there said it was drawn in substantial compliance with the statute.

As to appellants' contention that the affidavit was defective in that it omitted the details of the intended larceny, this court has held that, where the gist of the charge was conspiracy to commit a burglary, the indictment was not defective for failing to state the kind or value of the goods intended to be stolen. *Reinhold* v. *The State* (1892), 130 Ind. 467, 469, 30 N. E. 306; *Suter* v. *State* (1947), 227 Ind. 648, 653, 88 N. E. 2d 386. See also, *Stokes* v. *State* (1953), 233 Ind. 10, 115 N. E. 2d 442.

Admittedly, burglary was not committed. However, this court, in *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380, holds that it is not essential to the consummation of the offense of conspiracy that the proposed felony was, in fact, committed. *Chappell* v. *State* (1940), 216 Ind. 666, 25 N. E. 2d 999; *Shonfeld* v. *State* (1942), 219 Ind. 654, 40 N. E. 2d 700.

In their brief appellants also assert that the lesser offenses of second degree burglary and larceny are

necessarily included in the crime of conspiracy charged. This is not a correct statement. ". . . commission of a felony and the conspiracy to commit the same felony which are separate acts not within the scope of the doctrine of included offenses. . . ." *Steffler* v. *State* (1952), 230 Ind. 557, 569, 104 N. E. 2d 729; *Berry* v. *State* (1929), 202 Ind. 294, 302, 165 N. E. 61; *Durke* v. *State* (1933), 204 Ind. 370, 183 N. E. 97.

We next consider whether there was sufficient evidence to support the finding and decision of the trial court. It is elemental that if there is any evidence tending to support the decision of the trial court this court will not disturb it. *Wahl* v. *State* (1951), 229 Ind. 521, 529, 98 N. E. 2d 671, and cases cited.

Appellants' contention in substance is that there is a total lack of evidence to show a conspiracy to break into and burglarize the building described, or to connect appellants with an attempted break-in of the building. In brief, the evidence shows that the appellants were observed at or near the candy store described in the affidavit by witnesses who heard the breaking of a window of the building; that immediately afterward, one of the appellants were seen working with the window while the other held him up; that when the police officers approached they attempted to hide; when apprehended by the police, one had a screwdriver in his pocket. There was evidence that an attempt had been made to pry the window loose with a tool similar to a screwdriver. A stone was found inside the building near the broken window. These circumstances in evidence connected these appellants with an attempt to break into the building.

"The term 'breaking' as used in our statute denouncing the crime of burglary . . . includes the putting aside of any material part of the building intended as a security against invasion, . . ." *Barrick* v. *State* (1954), 233 Ind. 333, 339, 119 N. E. 2d 550.

The facts in this case above recited are sufficient to establish by inference a common purpose and plan to commit a burglary and, therefore, to sustain a conviction of conspiracy to commit burglary. It is not necessary that the evidence show a formal agreement to form a conspiracy, nor that the object of the conspiracy be actually committed. *Lynn* v. *State, supra; Chappell* v. *State, supra; Herman* v. *State* (1930), 201 Ind. 601, 170 N. E. 786; *Shonfeld* v. *State, supra.*

Participation in criminal conspiracy need not be proved by direct evidence but common purpose and plan may be inferred from development and collocation of circumstances. *U. S.* v. *Hack* 205 F. 2d 723. Certiorari denied 74 S. Ct. 127, 346 U. S. 875, 98 L. Ed. 383.

The circumstances above related were sufficient to sustain a finding of guilty.

Judgment affirmed.

Bobbitt, C. J., Arterburn, Landis and Emmert, JJ. concur.

NOTE.—Reported in 131 N. E. 2d 297.