MATTINGLY *v.* STATE OF INDIANA.

[No. 29,480. Filed May 27, 1957.]

*DeRoo Weber,* of Mt. Vernon, and *Carrol F. Dillon,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ARTERBURN, C. J.—The appellant was charged with two other persons in the Posey Circuit Court with a

crime of conspiracy to commit a felony. He was tried separately, without a jury, and was found guilty and sentenced for two to fourteen years in the Indiana State Reformatory. His assignment of errors is that the court erred in overruling his motion for a new trial which contained two grounds only, to-wit: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

The main contention of the appellant is that the conviction should not be sustained because of the "evasive, conflicting, ambiguous and uncorroborated" testimony of William Ausley, an alleged co-conspirator who turned State's witness. To this is also added the further contention that the evidence fails "to show the appellant clearly and conclusively guilty of the charge of conspiracy to commit a felony" because of lack of intent resulting from intoxication.

The evidence most favorable to the state shows that the appellant, his half-brother and one, William Ausley, all went to Evansville. On the way back to Mt. Vernon they drank some whiskey. Ausley testified that they talked about breaking into Reed's Barber Shop in Mt. Vernon, and that the appellant told Ausley he knew there was money left in there, and that he asked Ausley, and his half-brother, Lawrence Mattingly, if they wanted to get it. This conversation, however, is denied by the appellant. The testimony is undisputed that Ausley and the appellant got out of the car in Mt. Vernon, and went back in the alley at the rear of the barber shop, and were apprehended there by the police as they attempted to flee. When the officers closed in on them and threw on their lights, the appellant ducked and ran under the spotlight, and shouted, "I will just run through it." The police inspected the rear of the shop, and found the window had been

broken open, the lock had been pried loose, and a screwdriver lying on the ground. They found fresh blood on the window sill, and appellant's thumb was bleeding. There was testimony by officers to the effect that the appellant and Ausley appeared to be intoxicated.

The appellant cites and relies upon *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669, wherein the defendant was convicted of vehicle taking. It is true, in that case, Judge Myers severely criticized convictions based upon the testimony of co-conspirators and criminals. In that case, however, the co-conspirator who testified against the defendant, has previously denied the defendant's implication whatever in the crime, and contradicted himself under oath. In the case before us, even excluding the testimony of Ausley, we have a situation where the appellant and Ausley were caught practically red-handed in the act of breaking in the rear of the barber shop. The case of *Taylor, Bryant* v. *State* (1956), 235 Ind. 126, 131 N. E. 2d 297, seems to us to be in point. In that case, on page 299 of 131 N. E. 2d, the evidence regarding the two persons charged with conspiracy was as follows:

"In brief, the evidence shows that the appellants were observed at or near the candy store described in the affidavit by witnesses who heard the breaking of a window of the building; that immediately afterward, one of the appellants were seen working with the window while the other held him up; that when the police officers approached they attempted to hide; when apprehended by the police, one had a screwdriver in his pocket. There was evidence that an attempt had been made to pry the window loose with a tool similar to a screwdriver. A stone was found inside the building near the broken window. These circumstances in evidence connected these appellants with an attempt to break into the building."

The court further said on page 299:

"The facts in this case above recited are sufficient to establish by inference a common purpose and plan to commit a burglary and, therefore, to sustain a conviction of conspiracy to commit burglary. It is not necessary that the evidence show a formal agreement to form a conspiracy, nor that the object of the conspiracy be actually committed. *Lynn* v. *State,* supra *Chappell* v. *State,* supra; *Hermann* v. *State,* 1930, 201 Ind. 601, 170 N. E. 786; *Shonfeld* v. *State,* supra.

"Participation in criminal conspiracy need not be proved by direct evidence but common purpose and plan may be inferred from development and collocation of circumstances."

The appellant directs our attention to evidence which shows that the prosecuting attorney had agreed with witness Ausley to recommend a sentence of one year for petit larceny in his case. This did not render the witness incompetent. It left the determination of what effect such an agreement might have upon the credibility of the witness and the weight of his testimony for the trier of the facts.

The conviction in this case was not based solely upon the testimony of co-conspirator Ausley, but was sufficiently corroborated by other independent evidence. With reference to appellant's contention that he was too drunk to have any specific intent to commit the alleged crime, it should be kept in mind that at common law voluntary intoxication was no defense to the commission of a crime. There is no doubt the evidence shows that appellant and William Ausley were, to a certain degree, intoxicated. The determination of whether or not that degree was such as to prevent them from forming a specific intent, was a question of fact for the court, or jury, trying such a case. The trial court evidently thought the appellant had sufficient comprehension of what he was doing,

and such intent to commit a crime, that criminal liability and responsibility should attach to his acts. This court must indulge in all rational inferences in favor of the trial court's finding of facts. *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156, 54 L. R. A. 391; *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563; *Taylor, Bryant* v. *State, supra,* (1956), 235 Ind. 126, 131 N. E. 2d 297; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

The present case was tried before the court without an intervention of a jury. He saw and heard the witnesses testify, and was in a better position than this court to determine who was telling the truth and what evidence to believe. On appeal this court cannot weigh the evidence—that duty rests with the trial judge.

On the last page of the printed brief appellant asked for oral argument. There is no record of such petition being filed. Rule 2-21 provides such a petition must be *filed* and it must be *separate,* otherwise, as in this case, it is not called to the attention of the court in time for the case to be placed on the calendar and set for argument. A petition for oral argument must be separately filed and a record officially made thereof for consideration by this court.[1]

Judgment affirmed.

Achor, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 607.

---

1. Since the writing of the above opinion and its approval by members of this court, the appellant filed a petition herein for oral argument to be held on the same day with the case of *Lawrence Mattingly* v. *State,* No. 29492, pending in this court. Under Rule 2-21 of this court, petitions for oral argument must be filed within the time fixed for filing briefs, and therefore, this petition, as it concerns this case, comes too late and is therefore denied. *McCormick* v. *State* (1940), 217 Ind. 695, 30 N. E. 2d 308.