GARLAND v. STATE OF INDIANA.

[No. 29,484. Filed December 12, 1957. Rehearing denied January 23, 1958.]

*Elmon M. Williams, Neal & Williams, Robert C. Walsman,* of Indianapolis, *Worth H. Castor* and *Garrison & Castor,* of Noblesville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Deputy Attorney General, and *Philip C. Klotz,* of Noblesville, for appellee.

LANDIS, J.—Appellant was convicted of conspiracy to commit perjury and was fined $25.00 and sentenced for a period of two to fourteen years.

According to the affidavit appellant conspired with one Retherford for the latter to testify falsely in favor of appellant in appellant's divorce action pending in the Hamilton Circuit Court to the effect that said Retherford had had improper relations with appellant's wife and had hastily left appellant's wife at her residence in the nighttime clad only in his underclothes, leaving behind the remainder of his clothing containing identification, for which false testimony appellant corruptly agreed to pay said Retherford $500.00. The affidavit alleged the said Retherford was to give the false testimony after being sworn by the court bailiff, one Milner, as a witness in said divorce action.

On this appeal appellant asserts first there is a failure of the evidence to support the allegation in the affidavit that appellant agreed with the said Retherford that the latter would testify falsely under oath *given by a bailiff then and there qualified to administer such oath.*

The evidence favorable to appellee is that the court bailiff Milner was bailiff of the Hamilton Circuit Court on the date of appellant's divorce trial, that he asked all witnesses to stand and be sworn, that he swore them in, that Retherford appeared and testified at said divorce trial and gave the false evidence as to relations with appellant's wife, that appellant and Retherford had previously agreed Retherford was to go into court and testify as to such incidents.

Whether or not at the time of entering into the conspiracy appellant and Retherford knew the name of the court bailiff or just how the mechanics of administering the oath in open court would be handled, does not appear to us to be material to the instant prosecution for conspiracy to commit perjury. Here it was admitted by appellant that the

evidence showed appellant and Retherford agreed that Retherford was to go into a certain court on a certain day and testify to specific falsehoods in appellant's divorce action. It is well settled that the crime of conspiracy to commit a felony may be proved by circumstantial evidence *without showing the terms* or the existence of a formal agreement among the conspirators. *Hermann* v. *State* (1930), 201 Ind. 601, 170 N. E. 786; *Dameron* v. *State* (1929), 201 Ind. 53, 165 N. E. 58; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039.

The word testify is defined as meaning "to make a solemn declaration under oath or affirmation, for . . . establishing proof . . . of, some fact to a court;"[1] and it is therefore difficult for us to understand how appellant could have admittedly conspired with Retherford *to testify falsely* but not necessarily *to testify falsely under lawful oath.* We hold appellant's first contention to be unfounded.

Appellant's second contention is that although the affidavit sufficiently charges the elements of the conspiracy and the particular felony which the conspiracy relates to, to-wit perjury, the evidence must prove both the conspiracy and the commission of the felony the conspirators conspired to commit. This is not the law, for it is elementary that a prosecution for conspiracy may be upheld although the offense which was the subject of the conspiracy was never in fact committed. See: *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380; *Chappell* v. *State* (1940), 216 Ind. 666, 25 N. E. 2d 999. We believe this adequately disposes of appellant's second contention as we have previously discussed the sufficiency of the evidence to show the existence of a conspiracy.

1. Webster's New International Dictionary, 2d ed., p. 2609.

532

Appellant's third contention as to the alleged insufficiency of the affidavit is waived by his failure to present the question in the trial court.

Judgment affirmed.

Emmert, C. J., and Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 413.