ROOSEVELT CHARLES *v*. STATE OF INDIANA.

[No. 2-674A127. Filed May 27, 1975.]

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo,* Deputy Attorney General, for appellee.

WHITE, J.—Appellant Charles was tried by the court without jury, convicted of assault and battery with intent to commit rape, and given an indeterminate sentence of one to ten years. In this appeal he argues both that there is insufficient evidence to show an intent to commit rape and that the evidence shows he was too intoxicated to form the intent to commit rape.

We affirm.

The major evidence against Charles is the testimony of his sixteen year old daughter. She stated that one Saturday morning as she was waxing the living room floor Charles came up behind her, grabbed her by the shoulders and said that "he had to have some and I was going to give it to him." He carried her by an arm and a leg into the bedroom and started hitting her, telling her to shut up and be quiet. He had pulled her skirt up and her panties down, and was lying on top of her when the phone rang. He went to answer the phone and she fled to a nearby store and summoned police. She further testified that he had been drinking that morning, that he was still wearing his pants and that she did not know whether he had opened his pants.

Charles' first argument is that inasmuch as he hadn't taken off his pants or exposed himself there is no evidence that he

intended to commit rape. We cannot weigh the evidence presented to the trial court but instead must consider the evidence most favorable to the State and affirm the conviction "if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt." *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558.

Under the above standard the evidence in the instant case (the prior statement, the carrying into the bedroom, the displacement of her clothes, the hitting) is sufficient to support the inference that Charles' ultimate intent was to commit rape.

Charles' second argument is that he was at the time too intoxicated to form the requisite specific intent. He testified in his own defense that he is an alcoholic with numerous arrests for drinking, that the night before and after arising that morning he had been drinking beer and peach brandy, that he didn't remember doing any of the things described by his daughter, and that he wouldn't do anything like that to his daughter if he was in his right mind. On the other hand, his daughter merely testified that he had been drinking, and the police officer who responded to the girl's summons and arrested Charles as he started to drive away from the house testified that he "had been drinking but not enough to be under the influence as far as driving was concerned." Whether a defendant is too intoxicated to have the capacity to form a specific intent is a question of fact to be determined by the trier of fact. *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N.E.2d 607.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 328 N.E.2d 455.