### THE STATE v. BOUGHER.

In an indictment for gaming at a tavern or any other place, it is unnecessary to state the particular game played.

The description of an offence in an indictment, in the language of the statute defining it, is sufficient.

ERROR to the *Vermillion* Circuit Court.

M'KINNEY, J.—Indictment for gaming. The indictment contains three counts. The first is founded on the 61st, and the second and third upon the 62d section of the act relative to crimes and punishments. The indictment was quashed by the Circuit Court, on the motion of the defendant, and the case is before us by a writ of error sued out by the state.

The objection taken to the indictment is, that the charge it contains is too general; it not charging a particular game to have been played.

By the 61st section of the act referred to, it is enacted, "That every person who shall play at any game or games, for money or other valuable consideration, or who shall bet on the hands or sides of such as do play, at a tavern or place licensed to vend spirituous liquors by retail, or in any out-house or appendage of the same, shall, on conviction," &c.; and by the 62d section, "That every person who shall, by playing or betting at or upon any game or wager whatsoever, either lose or win any sum of money or article of value, shall, upon conviction," &c.

The first count charges, "that the defendant on, &c. in a house attached to a place licensed to vend spirituous liquors by retail, &c. did, &c. play at and upon a certain unlawful game,

*Margin notes:*
3b 307
165 573

3b 307
f170 127
f170 128

*Wednesday, December 4.*

Blackford
3b 307
171 4

at and with cards, with, &c. then and there being, for money, to wit," &c. By the second count it is charged "that the defendant on, &c. did then and there by unlawfully playing and betting upon an unlawful game, at and with cards, with, &c. unlawfully win a certain sum, &c. to wit," &c. The third count charges "that the defendant on, &c. did then and there by unlawfully playing and betting upon an unlawful game, at and with, &c. unlawfully lose a certain sum, to wit," &c.

Neither of the sections upon which the several counts are founded, point out the particular games which are prohibited, nor do they confine the prohibition to games played with cards. The prohibition is general, and the penalties of the statute attach, not by playing a particular game, but, under the 61st section, by playing at a game or games, for money or other valuable consideration, or betting on the hands or sides of such as do play, "at a tavern or place licensed," &c.,—and, under the 62d section, by losing or winning any sum of money or article of value, by playing or betting upon any game or wager whatsoever; consequently the offence is consummated, without reference to the particular game played.

As the offence does not consist in playing or betting on any particular game, it would seem, that to give validity to an indictment, and sanction a conviction, it is unnecessary to aver a particular game to have been played. No rule is better settled than that which regards as sufficient in an indictment, the averment of an offence in the language of a statute which creates it. The indictment before us, being drawn in conformity to that rule, is good.

It is however objected, that the offence charged is not so specific as to enable an acquittal or conviction to be pleaded in bar to another prosecution. If such could be regarded as correct, the objection would clearly be tenable; but its fallacy is obvious, when it is recollected that the plea of former acquittal or conviction consists partly of matter of fact and partly of matter of record; 1 Chitt. C. L. 458; and that if the charge be the same, though the indictment may differ in immaterial circumstances, the defendant may plead his previous acquittal. Ib. 453. It is true, that if the indictment contained an averment of a particular game having been played, unless the proof met the averment, the indictment could not be sustained; Arch. Cr. Pl. 295; but it does not from this follow, that the averment

of a particular game is required, when the statute punishes the offence of playing, &c., and not the offence of playing a particular game.

We are therefore of opinion that the Circuit Court erred in quashing the indictment, and discharging the defendant.

BLACKFORD, J., being indisposed, was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod*, for the state.

*J. Whitcomb*, for the defendant.