THE STATE
v.
MAXWELL.

Wednesday,
November 27.

THE STATE *v.* MAXWELL.

An indictment for gaming need not state the name of the game played, nor the name of the person with whom the bet was made—his name being alleged to be unknown.

Wednesday,
November 27.

ERROR to the *Warren* Circuit Court.

SULLIVAN, J.—Indictment for gaming. The first count in the indictment charges, that the defendant did unlawfully win, of and from a person whose name is unknown to the jurors, the sum of twenty-five cents by then and there betting at and upon an unlawful game at and with cards, &c. The second count charges the defendant with losing twenty-five cents by betting, &c., as in the first count.

The Court on the motion of the defendant quashed the indictment; and this writ of error is prosecuted to reverse that judgment.

The indictment is said to be defective, because it does not specify the particular game at which the money was lost and won. That point has been settled by this Court. In the case of *The State* v. *Bougher,* 3 Blackf. 307, it was decided that in an indictment for this offence, it is not necessary to state the particular game played.

Another objection taken to the indictment is, that the name of the person with whom the bet was made is not given. This objection is not tenable. There are cases in which the name of a third person cannot be ascertained, and in any such case it is sufficient to state, that such person was to the jurors unknown. 1 Chitt. Cr. Law, 213. An indictment for the murder of a person unknown is good, so for an assault on one unknown, and if the defendant be acquitted or con-

victed, and be afterwards indicted for an assault or murder of a person by name, he may plead the former conviction or acquittal, and aver it to be the same person. 2 Hale's Pl. Cr. 181. An indictment for selling beer to divers persons unknown, in unlawful measures, was held to be good. *Rex* v. *Gibbs*, 1 Str. 497. The Court said the indictment was well enough; the informer may not know the name of the person to whom it was sold; and it was an offence to whomsoever sold. There is no reason why the above principle should not apply to the case before us (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Peaslee*, for the state.
*A. S. White* and *R. A. Lockwood*, for the defendant.

(1) Accord. *Butler* v. *The State*, May term, 1840.