## Romp *v.* The State.

Where sections 4 and 5, of the gaming law, prohibit the same games of
chance, and 4th " excepts games of athletic exercise," and the 5th § con-
tains no exception, held that an indictment avering no exception would
be good under the fifth section.

The *negative* exception, in a penal act, need not be avered, as the defend-
ant may show in defence that his acts come under such exception.

In an indictment for suffering gaming it is not necessary to designate the
persons who played, nor the amount of money or kind of property lost or
won.

When an offence is charged in the language of the statute, it is sufficient.

Error *to Johnston District Court.*

*Opinion by* Greene, J.   Indictment for suffering gaming
under the eighth section of " an act to prevent and punish
gaming.   Rev. Stat. 275.   The indictment contains five
counts which were mainly drawn after the English prece-
dents " for causing and procuring gaming."   A motion

made to quash the several counts was overrruled, and the cause was submitted to a jury, who found the defendant guilty on the first, second and fifth counts. The defendant then moved the court to arrest the judgment, on the ground that the three counts on which judgment was rendered are informal and insufficient. The motion was overruled. The only errors assigned, upon which reliance is placed, involve the sufficiency of those three counts.

1. The first objection urged is, that neither of the counts, negative the exception in the fourth section of the statute, which prohibits playing for money or property in any tavern, grocery or race-field, or in any booth, arbor or out-house connected therewith, or in any other public place, at any game or games whatsoever, "except games of athletic exercise." It is insisted that each count should negative by averment that the games suffered were not of athletic exercise.

The eighth section of the act forbids any keeper of a tavern, grocery, or other house of public resort to suffer any game or games prohibited by the act. The games prohibited are not only those referred to in the fourth section, but also those described in sections five and six of the act, and in them there is no exception as in section four; in fact section five appears to supercede section four. It provides, " that if any person, by playing or betting at any game or wager whatsoever, at any time, shall lose or win to, or from another, any sum of money or other article of value, the loser and winner shall each, on conviction, be fined in a sum not less than twenty nor more than fifty dollars," &c. This section comprises all and much more than is expressed in section four, and prohibits without any reservation. As all the games described in the three counts of the indictment come within the general prohibition of section five, and as that section is without the exception of athletic exercise, it may well be considered that this exception need not be set out in the indictment. Besides, two

Romp v. The State.

of the counts come within the gaming described in section six, which is also without the exception, which furnishes an additional reason why the objection should not prevail.

According to Archbold's C. P., p. 52, it is only necessary to aver the exception when it is contained in the same clause of the act which creates the offence. In the present case the clause creating the offence is far removed from that which affirms the exception, and hence this rule cannot avail the plaintiff in error. Had the indictment been founded upon section four, which contains the exception, there would be more propriety in requiring the negative averment. But even then the necessity for it might well be questioned. It is laid down that the negative exception in a penal statute need not be set out. 4 Hawkins P. C. 67, p. 21; 1 Black. R. 230; 2 Hawk. P. C. 322–323, §§ 18–22. There is the less necessity for such negative averment, as the defendant may by evidence establish the exception in his defence.

2. The other objections taken to the indictment are: 2. That the names of the persons who played are not set forth. 3. The sums of money are not named. 4. The property lost or won is not described. But as the offence does not consist in suffering gaming by any particular class of persons nor for any particular sums of money, or specific kind of property, no such particularity of description is necessary. The prohibition is general. The offence consists in suffering any game or games prohibited by the statute. It matters not by whom or for what the game was played. In Kentucky it has been decided that the offence is consummated by suffering a game to be played, and that it is not necessary to name the persons engaged. 4 Bibb. 261; 3 J. J. Marsh. 133. In *The State* v. *Bougher*, 3 Blackf. 307, in an indictment for gaming, it was held unnecessary to state the particular game played; so also in *The State* v. *Dole*, ib. 294, in an indictment for permitting gaming.

The indictment in this case contains much surplusage

Friend *v.* Beebe.

and many unnecessary averments; but still with all its redundancy, the offence is charged in the language of the statute; and this we have repeatedly decided is all that should be required. It is rendered sufficiently specific to enable an acquittal or conviction to be pleaded in bar to another prosecution.

We are therefore of the opinion that the court below did not err in overruling the motion to quash, nor in refusing to arrest the judgment.

Judgment affirmed.

*G. Folsom*, for plaintiff in error.

*J. D. Templin*, for defendant.