$168^{3c}$  $\frac{535}{660}$

## MARKLE v. THE STATE.

A count in an indictment on the statute relative to lotteries was substantially as follows: That the defendant, on, &c., at, &c., unlawfully made a certain lottery for a division of *property* to be determined by chance, the making of which not being authorized by law, contrary to the statute. *Held,* that the indictment was bad, after judgment, for not stating the species of property.

It is a general rule that whatever is essential to the gravamen of the indictment must be set out particularly.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—This was an indictment on the statute relative to lotteries.

The indictment contains three counts. Plea, not guilty. The cause was tried by the Court, and judgment rendered for the state.

The error assigned is, that the indictment does not describe the offense with sufficient certainty.

The first count is substantially as follows: That the defendant, on, &c., at, &c., unlawfully made a certain lottery for a division of property to be determined by chance, the making of which not being authorized by law, contrary to the statute.

The statute is as follows: If any person or persons shall sell any lottery ticket, or share in any lottery or scheme for a division of property, to be determined by chance, or shall make or draw any lottery or scheme for a division of property as aforesaid, not authorized by law, such person or persons, on conviction thereof, shall be fined, &c. R. S. p. 982.

As the making of a lottery is not against the statute, unless the lottery be for a division of property, that ob-

Nov. Term,
1852.

MARKLE
v.
THE STATE.

ject must be described; and it seems to be essential to the description that the property should be pointed out. It ought, at least, to appear whether real property, or whether money or other personal property, was the subject-matter of the lottery. An indictment for stealing goods must particularize the goods alleged to have been stolen. An indictment for obtaining goods by false pretences must set forth the false pretences and describe the goods. An indictment for gaming must show whether the game was with cards, dice, &c. These cases appear to be analogous to the one before us. It is a general rule that whatever is essential to the gravamen of the indictment must be set out particularly; and we think that, according to that rule, the property in this case should have been described. Besides, the word property being a generic term, the species of property, as land, goods, &c., should have been stated. It has been held that an indictment on the statute against maliciously killing cattle, must not charge the defendant with killing cattle generally, but that the species of cattle, as horse, cow, &c., must be stated. *Rex* v. *Chalkley*, Russell & Ryan's Rep. 258: There seems to be as much reason for stating the kind of property in the present case as the kind of cattle in the case last cited.

The objection which we have noticed as showing the first count to be bad, is applicable to the second and third counts.

*Per Curiam.*—The judgment is reversed. Cause remanded, with instructions to the Circuit Court to render judgment for the defendant.

*H. D. Scott*, for the plaintiff.

*C. Cruft*, for the state.