## McDANIELS *v.* STATE OF INDIANA.

### [No. 23,082. Filed October 25, 1916.]

1. INDICTMENT AND INFORMATION.—*Motion to Quash.—Form.*— Where a motion is filed to quash an indictment on the ground that it fails to state facts sufficient to constitute a public offense, it is not necessary to append a memorandum to such motion setting forth the reasons why the indictment so fails, the rule of the civil code requiring the filing of a memorandum with a demurrer in certain cases having no application to a motion to quash. pp. 247, 249.

2. INDICTMENT AND INFORMATION.—*Aiders and Abettors.—Lotteries. —Sufficiency of Indictment.*—In a prosecution based on §2464 Burns 1914, Acts 1905 p. 715, providing that "whoever sells a lottery ticket or tickets, or share or shares in any lottery scheme or gift enterprise, or acts as agent for any lottery scheme or gift enterprise, or aids or abets any person or persons to engage in the same * * * shall on conviction," etc., an indictment charging that the defendant aided and abetted certain persons to engage in a lottery scheme by manufacturing for sale and distribution to unknown persons the tickets for such lottery is insufficient where it fails to allege that one of the several offenses defined by the statute was actually committed and by whom it was committed, and that the defendant aided or abetted in the commission of such offense. p. 248.

3. CONSPIRACY.—*Gravamen of Offense.—Indictment.—Requisites.*— Under the statute governing conspiracies, the gravamen of the offense of conspiracy is the combining and conspiracy to commit crime, and it is unnecessary that an indictment for conspiracy aver that the crime contemplated by the conspirators was ever consummated. p. 248.

4. CRIMINAL LAW.—*Parties to Offenses.—Principals and Accessories. —Misdemeanors.*—In a misdemeanor there can be no accessories either before or after the fact, but all concerned in its commission are liable as principals. p. 249.

5. CRIMINAL LAW.—*Crimes Created by Statute.*—Under §237 Burns 1914, §237 R. S. 1881, providing that crimes and misdemeanors shall be defined by statute, there is no crime in Indiana unless created by statutory enactment. p. 249.

6. GAMING.—*Statutes.*—There is no statute in Indiana making it a crime to manufacture for sale, or offer for sale any device that may be used for gaming, the offense consisting in keeping the device for gaming purposes. p. 249.

7. LOTTERIES.—*Prosecution.—Evidence.—Sufficiency.*—In a prosecution under an indictment charging the defendant with aiding and abetting a violation of §2464 Burns 1914, Acts 1905 p. 715, concerning the subject of lotteries and gift enterprises, evidence

that the defendant sold cards that could have been used for the operation of a lottery, but failing to show that the accused ever had any part in a lottery operated by their use or that any lottery was conducted by means of such cards, was insufficient to sustain a conviction. p. 249.

From Marion Criminal Court (45,351); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Jesse L. McDaniels. From a judgment of conviction, the defendant appeals. *Reversed.*

*Frank C. Groninger, Taylor E. Groninger* and *Ella M. Groninger*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

ERWIN, J.—An indictment was returned against appellant by the grand jury of Marion county, charging him with the misdemeanor of "aiding and abetting a lottery scheme and gift enterprise." The motion to quash the indictment for the reason that it failed to state facts sufficient to constitute a public offense was overruled by the court. Appellant was then put to trial before the court without the intervention of a jury, which resulted in a finding of guilty as charged and that he be fined in the sum of $250.

The errors relied upon for the reversal of this cause are the overruling of the motion to quash the indictment, and the overruling of the motion for a new trial.

The indictment is as follows, omitting the caption: "The Grand Jurors for the county of Marion and State of Indiana, upon their oaths, present that Jesse L. McDaniel on the 14th day of June, A.D. 1915, at and in the county of Marion and State aforesaid, did then and there unlawfully aid and abet persons, whose names to the Grand Jurors are unknown, to engage in a certain lottery scheme and gift enter-

prise by then and there manufacturing for sale and distribution to persons whose names to the Grand Jurors are unknown, a certain gambling device called the 'Series or Weekly Base Ball Tally Card,' each of said cards bearing a serial number and containing therein a coupon, which coupon bore the serial number of the daily tally card to which it was attached, and which coupon contained certain numbers which entitled the holder thereof to a chance in said lottery scheme and gift enterprise for the distribution of a certain sum of lawful money of the United States, the exact amount of said money and a more particular description thereof is to the Grand Jurors unknown, and therefore cannot be given, and the plan and scheme for the division and distribution of said sums of money by said lottery scheme or gift enterprise is to the Grand Jurors unknown and cannot be given, and the exact mode of operating such lottery scheme and gift enterprise further than described, is to the Grand Jurors unknown and cannot be given, contrary to the forms of the statutes in such case made and provided, and against the peace and dignity of the state of Indiana."

It is insisted by the Attorney-General that, by reason of the failure of appellant to comply with the rules of the civil code in not filing with his motion to quash a memorandum of reasons why the indictment fails to state facts sufficient to constitute a public offense, therefore no question is presented for the consideration of this court on the motion to quash. In a case recently decided by this court it was held that it was not necessary to so append such memorandum. *Robinson* v. *State* (1916), *ante* 119, 113 N. E. 306.

The statute on which this prosecution is based is §2464 Burns 1914, Acts 1905 p. 715, and reads as follows: "Whoever sells a lottery ticket or tickets, or a share or shares in any lottery scheme or gift enterprise, or acts as agent for any lottery scheme or gift enterprise, or aids or abets any person or persons to engage in the same, * * * shall, on conviction, be fined not less than ten dollars nor more than five hundred dollars."

It will be noticed that this section of the statute contains several offenses. This prosecution was for the crime specified in the fourth clause of said section, namely; "aids or abets any person or persons to engage in the same * * *." To properly charge the crime under this clause of the statute it is essential to the validity of the indictment that it should charge either the crime of selling a lottery ticket or tickets or a share or shares in a lottery scheme or gift enterprise, or that some one acted as agent for a lottery scheme or gift enterprise, and that appellant aided or abetted in the same. This averment is lacking in the indictment under consideration. It is not sufficient to charge that certain things were done by appellant in aid of a lottery scheme or gift enterprise without charging that the offense with which appellant is charged with aiding and abetting was actually committed and by whom it was committed.

It must be remembered that this is not a charge of conspiracy to commit a crime, in which case the gravamen of the offense is the combining and conspiring to commit crime and constitutes an offense under the statute governing conspiracies. In such a case it is not essential to the validity of the indictment that it be averred that

any crime was ever consummated. In this kind of an offense it is essential that it be averred that the offense of which appellant was charged with aiding and abetting was in fact committed by some one. In a misdemeanor there is no such thing as an accessory before or after the fact, but all concerned in its commission shall be liable as principals. *Stratton* v. *State* (1874), 45 Ind. 468; *Lay* v. *State* (1894), 12 Ind. App. 362, 39 N. E. 768. There could be no valid charge of the commission of an offense unless it is charged that the offense was actually committed, because all who participate in a crime of the one sought to be charged are guilty as principals; and unless the crime of operating a lottery, the selling of a ticket or acting as agent for the same is averred, then no charge is made.

There is no crime in this state unless made so by statute. §237 Burns 1914, §237 R. S. 1881. *Ledgerwood* v. *State* (1893), 134 Ind. 81, 33 N. E. 631. There seems to be no statute in this state making it a crime to manufacture for sale, or offer for sale any device that may be used for gaming, the offense consisting in keeping the device for gaming purposes. *State* v. *Robbins* (1890), 124 Ind. 308, 24 N. E. 978, 8 L. R. A 438; *White* v. *State* (1905), 37 Ind. App. 95, 76 N. E. 554.

The evidence introduced is to the effect that appellant sold certain cards that might and could be used for the operation of a lottery, but does not show that appellant ever had any part in a lottery operated by the use of them, or that any lottery ever was, in fact, conducted by the use of such cards.

It must follow that the court erred in overruling

the motion for a new trial. Judgment is reversed, with instructions to the court below to sustain the motion for a new trial and the motion to quash the indictment.

NOTE.—Reported in 113 N. E. 1004. Averments in indictments for conspiracy, 3 Am. St. 480; 8 Cyc 624, 671. See under (4) 12 Cyc 183; (7) 25 Cyc 1651.