LYNN *v.* STATE OF INDIANA.

[No. 26,200. Filed December 28, 1934.]

*William D. Hardy*, for appellant.

*Philip Lutz, Jr.*, Attorney-General, and *Joseph P. McNamara*, Deputy Attorney-General, for the State.

TREANOR, J.—Appellant, in a separate trial, was convicted upon an affidavit in two counts; the first charging conspiracy to commit the felony of perjury, and the second charging perjury. The error assigned and presented upon appeal presents for review the action of the trial court in overruling appellant's motion to quash each count of the affidavit.

Among the ground for motion to quash was that the facts stated in the first and second counts of said affidavit do not constitute a public offense, and appellant submits that his motion should have been sustained because the affidavit did not bear the indorsement "approved by me" signed by the prosecuting attorney, as required by §2151, Burns Ann. Ind. St. 1926, §9-909, Burns Ind. St. Ann. 1933, §2132, Baldwin's Ind. Stat. Ann. 1934, Acts 1905, ch. 169, §119, p. 584. In *Gunderman* v. *State* (1934), post 515, 191 N. E. 338, this court considered the acts of the General

Assembly providing for prosecutions by affidavit in circuit and criminal courts, and recognized "a legislative intent to require that prosecutions in the criminal or circuit court be based upon affidavits which have the sanction of the personal approval of the prosecuting attorney." It frequently has been held that the lack of the signed indorsement of the prosecuting attorney's approval upon such affidavit will require the trial court to sustain a motion to quash in which it is alleged that the facts stated in the affidavit do not constitute a public offense. *Wischmeyer* v. *State* (1929), 200 Ind. 512, 165 N. E. 57; *Brogan* v. *State* (1927), 199 Ind. 203, 156 N. E. 515, and cases there cited.

Appellee contends that this is not grounds for reversal, but "is merely a technical formality which could have been corrected in the trial court before trial if the court's attention had been directed thereto;" that, in any event, to be available on appeal such error "must have been specifically and directly pointed out to the trial court." And appellee points out that the "motion to quash does not specify this as one of its grounds for quashing in the instant case." The grounds for motion to quash are prescribed by statute.[1] In the case of *Brogan* v. *State, supra,* it was pointed out in the dissenting opinion of Martin, J., that the motion to quash was upon the second and fourth of the statutory causes and that "nothing appears in this record which shows whether or not the lack of the prosecutor's indorsement of approval was brought to the attention of the

Note 1. "The defendant may move to quash the indictment or affidavit when it appears upon the face thereof either:
First. That the grand jury which found the indictment had no legal authority to inquire into the offense charged.
Second. That the facts stated in the indictment or affidavit do not constitute a public offense.
Third. That the indictment or affidavit contains any matter which, if true, would constitute a legal justification of the offense charged, or other legal bar to the prosecution.
Fourth. That the indictment or affidavit does not state the offense with sufficient certainty." §2227, Burns, etc., 1926, §9-1129, Burns, etc., 1933, §2208, Baldwin's 1934, Acts 1905, ch. 169, §194, p. 584.

trial court nor that the question was not first raised upon appeal." Nevertheless this court held that "as the amended affidavit was not approved by the prosecuting attorney, it was error for the lower court to overrule the motion to quash the same."

Appellee is not warranted in relying upon *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697, to support his contention that no question is presented to this court, as to error of the trial court in overruling the motion to quash, for the reason that the record fails to show that the trial court's attention was "affirmatively and specifically directed to the absence of the words 'Approved by me.'" The opinion in *Tow* v. *State*, *supra*, clearly shows that the motion to quash did not state the statutory ground, "that the facts stated in the indictment or affidavit do not constitute a public offense," which challenges the affidavit in the trial court for lack of the prosecutor's indorsement of the words "approved by me." The rule established by the decisions of this court is that a motion to quash upon the ground that the affidavit does not state a public offense presents to the trial court the question as to whether the affidavit has been indorsed "approved by me" followed by the signature of the prosecuting attorney.

We are not impressed by the contention of the appellee that the failure of the prosecuting attorney to endorse the affidavit "approved by me," and to sign the endorsement, is an omission of a mere technical formality.

The procedure, provided by §§2150 and 2151, Burns, etc., 1926 and 1929, §§9-908 and 9-909, Burns, etc., 1933, §§2131, 2132, Baldwin's 1934, Acts 1905, ch. 169, §§118, 119, p. 584, Acts 1927, ch. 132, §4, p. 411, which authorizes prosecutions to be commenced in circuit and criminal courts by filing an affidavit bearing the prosecuting attorney's signed endorsement of his approval is the statutory substitute for an earlier procedure

which authorized the commencement of prosecutions' by information supported by affidavit.[2] While the early statute provided[3] that the affidavit could be made by any person who "has knowledge of the commission of any offense" and was to be filed with the clerk or deposited with the prosecuting attorney, the information was to be made and filed by the prosecuting attorney. The evident purpose of the General Assembly in providing the present method of instituting a prosecution by the filing of an approved affidavit was to relieve the prosecuting attorney of the duty of preparing and filing an information. But in relieving him of that necessity, the General Assembly imposed upon him the duty of examining, approving, and in effect adopting as his own, the affidavit presented for filing, in order to commence a prosecution. Needless to say, it is unfortunate that this court should be compelled to reverse a case simply because the prosecuting attorney has failed to formally place his endorsement upon the affidavit; but this court can not presume to treat as a mere formal technicality an act which is required of a public officer by an unqualified mandate of the General Assembly. We think it is obvious that the purpose of this requirement was to make sure that the prosecuting attorney would carefully examine the contents of the affidavit. It certainly was not contemplated by the General As-

*Note 2.* 2 R. S. 1852, ch. 1, p. 361, §§19-26; §§1679, 1733, R. S. 1881; Acts 1881, special session, ch. 36, p. 114, §§106, 159.

*Note 3.* "Informations are filed by the prosecuting attorney upon affidavit in any court having jurisdiction of the offense. . . . 2 R. S. 1852, *supra,* §19, p. 363.

"When any person has knowledge of the commission of any offense, which may be prosecuted by information, he may make his affidavit before any officer authorized to administer oaths, setting forth the offense and the person charged, in plain and concise language, and file the same with the clerk, or deposit it with the prosecuting attorney." Ibid, §20, p. 364.

"The prosecuting attorney must file an information as soon as practicable, in term or vacation, in every case, after the charge is made by affidavit." §23, p. 364.

"The affidavit must be filed with the information." §24, p. 364.

sembly that the public official charged with the serious duties of the office of prosecuting attorney would stultify himself by a written declaration that he is approving an affidavit when he has not in fact examined and approved it. From our point of view the endorsement of the prosecuting attorney is not a mere identification, but is intended to be uncontrovertible evidence that he does in fact approve the contents of the affidavit.

The motion to quash should have been sustained for the second of the grounds prescribed by statute.

Appellant's fifth ground of motion to quash is that the first count does not state the offense with sufficient certainty in that "there is no sufficient description in said count in said affidavit of the proceedings wherein the oath was administered and upon which a charge of perjury for falsely testifying would lie."

While it is required that a charge of conspiracy to commit a felony must set out the felony which was the object of the conspiracy, it is not essential to the consummation of the offense of conspiracy that the purposed felony was in fact committed. Under the statute defining conspiracy to commit a felony[4] and defining perjury[5] the offense of conspiracy to commit perjury may be committed even though none of the steps which are essential elements of the offense

*Note 4.* "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than . . ." etc. §2882, Burns, etc., 1926, §10-1101, Burns, etc., 1933, §2909, Baldwin's 1934, Acts 1905, ch. 169, §641, p. 584.

*Note 5.* "Whoever, having taken a lawful oath or affirmation in any matter in which, by law, an oath or affirmation may be required, shall, upon such oath or affirmation, swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question, shall be deemed guilty of perjury, . . ." etc. §2576, Burns, etc., 1926, §10-3801, Burns, etc., 1933, §2619, Baldwin's 1934, Acts 1905, ch. 169, §474, p. 584, Acts 1927, ch. 203, §7, p. 580.

of perjury have been taken. Consequently, in charging the offense of conspiracy to commit perjury it is unnecessary to allege that the proceeding in which the false testimony was intended to be given was pending at the time the unlawful agreement was made. The first count of the affidavit was not subject to a motion to quash for uncertainty for the cause set out in the fifth ground of appellant's motion to quash.

Appellant also moved to quash both counts of the affidavit for lack of certainty on the additional ground that it does not sufficiently appear in the first count of the affidavit that the testimony conspired to be given, as alleged, was false; and that it does not sufficiently appear in the second count of the affidavit that the testimony given, as alleged therein, was false.

In this respect the first count alleged that the defendants would "unlawfully, feloniously, wilfully, corruptly, knowingly, falsely, wickedly, designedly and intending the due course of justice to pervert, depose and give evidence to and before said court in said cause between the State of Indiana and Bud McGill . . . to the effect and in substance following: 'That said pistol, commonly called a revolver, loaded with gunpowder and leaden balls, was found in an open field near Covert Avenue in said Vanderburgh County, Indiana, at a point near where the said Bud McGill was shot by the said Ernest Lynn on the said 25th day of May, A. D. 1931, during the perpetration, by the said Bud McGill, of said robbery on the said Ernst Lynn' that the said testimony so to be given in evidence by the said (defendants) and each of them as aforesaid, was to be false in that the said pistol referred to in said testimony was found at and in the home of the said Bud McGill in the City of Evansville, said County and State, as they, and each of them then and there and at all times mentioned

in this affidavit, well knew." The facts concerning the testimony given are alleged in the second count with substantially the same particularity as in the first, and both counts sufficiently allege the falsity of such testimony.

Appellant contends on appeal that the affidavit is bad for duplicity in that the first count charges a conspiracy to commit six separate offenses and the second count charges the commission of six separate offenses; that the offense of perjury is necessarily several and cannot be committed by two or more jointly. The propositions thus urged were not specifically set out in appellant's motion to quash; on the contrary the affidavit's alleged lack of certainty complained of in the motion to quash was set out therein as consisting of (1) an absence of facts showing that the testimony to be given upon the trial of McGill was false in fact, and (2) absence of a sufficient description of the proceedings wherein the oath was to be administered and upon which a charge of perjury or falsely testifying would lie. But a motion to quash is sufficient if it is in the language of the statute and a defendant is not required to support his motion to quash by memoranda, or other pleading, specifying the defect in the affidavit or indictment as a result of which "it appears upon the face thereof" that either (1) "the facts stated in the indictment or affidavit do not constitute a public offense" or (2) "the indictment or affidavit does not state the offense with sufficient certainty." *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306; *McDaniels* v. *State* (1916), 185 Ind. 245, 113 N. E. 1004; Ewbank's Ind. Criminal Law, 2d Ed., §357. It follows that if the overruling of a motion to quash upon the statutory ground of uncertainty is assigned as error, an appellant, on appeal, may point out an alleged uncertainty upon the face of the indictment or affidavit,

although a different specific uncertainty, or none at all, was pointed out in the motion to quash.

The weight of authority is to the effect that perjury is a distinct offense which can be committed only by an individual in his individual capacity and that ordinarly two or more persons cannot be joined in a single charge of perjury.[6] Exceptions to that rule are made where the offense consists of the swearing to one joint false affidavit by two or more persons at the same time,[7] or where one makes the false affidavit "while another is standing by instigating him."[8]

By the second count of the affidavit[9] six defendants were joined in a single affidavit in which each were charged with having committed a similar, though separate and distinct, offense of perjury.

It was not charged that one of the defendants committed the offense of perjury at the instigation of the others nor that all joined in swearing to a single joint false affidavit. The offense with which appellant was charged was similar to the one charged against

Note 6. "The crime being distinct, several persons cannot be joined. Only one can be made defendant. Even supposing two persons to swear jointly to the same false affidavit, it is impossible to suppose that they did so at the same moment of time, so as to make the offense exactly joint." Wharton's Criminal Law, 12th Ed. §1519. "Two or more can not be jointly indicted for perjury, . . ." Wharton's Criminal Procedure, 10th Ed. (Kerr) §352. "Two parties cannot be joined in one indictment for a strictly personal offense, as the practice of medicine without a license or perjury." Joyce on Indictments, 2nd Ed. §585; Bishop's New Criminal Procedure, 2nd Ed., Vol. II, §470; *State* v. *Herrara* (1922), 28 N. M. 155, 207 Pac. 1085; *Walker* v. *Commonwealth* (1915), 162 Ky. 111, 172 S. W. 109.

Note 7. *State* v. *Winstandley* (1898), 151 Ind. 316, 51 N. E. 92.

Note 8. Bishop's New Criminal Procedure, 2nd Ed., Vol. II, §470.

Note 9. The second count is in part as follows: "That the said Ernest Lynn, Ermin Maveety, Samuel Carter, Adrian Gaffney, Edgar Painter and Carl Ritz . . . each by his own act and consent, did unlawfully and feloniously depose and give evidence to and before said Court in said cause to the effect and in substance following: (setting forth the testimony given) that said testimony so given in evidence by the said Ernest Lynn (and other named defendants) and each of them, as aforesaid, was false . . ."

each of the other defendants but was separate and distinct from such other offenses. In stating the offense with which appellant was charged in the second count it was improper to join him with any other defendant.

While two or more persons can not be joined in an affidavit charging separate, though similar, perjuries, this does not prevent their being joined in a charge of conspiracy to commit several perjuries. The gist of the offense of conspiracy consists of an unlawful agreement, union, or combination of persons "for the purpose of committing a felony;" and the fact that by the terms of the agreement or understanding the overt act is to be committed by but one of the parties does not render the agreement lawful as to the other parties to such agreement. *Durke* v. *State* (1933), 204 Ind. 370, 183 N. E. 97. While it may have been possible to have charged, by several affidavits, all of defendants with as many separate conspiracies, i. e. agreements to commit perjury, as there were separate perjuries to be committed, this was not done but instead it was in effect alleged that all of the defendants entered into a single unlawful conspiracy or agreement that each would commit perjury. An allegation that the object of such agreement was the commission of a single perjury would have sufficed; but the effect of alleging that such object was the commission of several perjuries did not render the charge uncertain.

It was not error to overrule appellant's motion to require the state to elect between counts. An indictment may contain separate counts charging conspiracy to commit a felony and the intended felony, respectively, and both may be tried at the same time.[10]

*Note 10.* Wharton's Cr. Law, 12th Ed., Vol 2, §1656; Wharton's Cr. Proc. (Kerr), 10th Ed., Vol. 1, §337; *Thomas* v. *People* (1885), 113 Ill. 531.

Because of the prosecuting attorney's failure to endorse the affidavit "approved by me," appellant's motion to quash should have been sustained. For this reason the judgment is reversed with directions to the trial court to sustain the motion to quash and for further proceedings not inconsistent with this opinion.