CHAPPELL *v*. STATE OF INDIANA

[No. 27,297. Filed March 25, 1940.]

Edward W. McElfresh, of Indianapolis, for appellant.

Omer S. Jackson, Attorney General, and Hubert E. Dirks, Deputy Attorney General, for the State.

SWAIM, J.—The appellant and one Kenneth Pollitt entered into a conspiracy to procure a gold watch from the Kay Jewelry Company without paying therefor. According to their plan Pollitt, who was unemployed, went to the jewelry company and bought the watch on

a conditional sales contract, falsely representing to said company that he was then, and had been for eighteen months, steadily employed by the Carburetor & Ignition Service Company. He gave the number of a telephone which he falsely represented to be the telephone number of said service company, but which in fact was the telephone number of a garage where the appellant, pursuant to their plan, was stationed waiting for the call from the jewelry company. The appellant answered the call of the jewelry company, falsely represented that he was speaking for said service company, and falsely represented that the said Pollitt was employed by said service company as he (Pollitt) had stated. The jewelry company was induced by these false representations to deliver the watch to Pollitt upon his making the initial payment and executing the conditional sales contract. . After receiving the watch Pollitt delivered it to the appellant.

The total purchase price of the watch was $42.50 and said contract provided that the watch should "remain the property of the company until said property is paid for in full as hereinbefore provided"; that the company should have the right to repossess the watch on certain contingencies; and that if any of the deferred payments should become delinquent the company might declare "the entire balance of the purchase price due and then collectible irrespective of its rights to possess said property." The contract provided further that upon the insolvency or bankruptcy of the purchaser "the unpaid purchase price for the aforementioned property shall *ipso facto* be immediately due and payable in its entirety to the company." After the fraud was discovered the appellant was indicted on two counts, (1) conspiracy to commit a felony, and (2) grand larceny. A trial by the court resulted in a finding that

the appellant was guilty. The judgment of the court provided for a fine of $25.00 and a sentence of two to fourteen years in the Indiana State Prison.

The only error assigned is the action of the court in overruling the appellant's motion for a new trial, which motion stated three alleged grounds, to-wit: that the finding (a) was contrary to law, (b) was not sustained by sufficient evidence, and (c) that the court erred in overruling appellant's motion for discharge at the close of the state's evidence. The propositions and authorities of the appellant are all directed to the first two of said grounds for a new trial.

The appellant has not assigned as error the action of the court in overruling his motion to quash the indictment and there is, therefore, no question before us as to the sufficiency of the indictment.

The sentence imposed indicates that the appellant was found guilty on the first count of the indictment. If the evidence is sufficient to support the finding of the court that appellant did the acts charged in the first count of the indictment and that said acts were done with the felonious intent as therein charged; and if these acts with such felonious intent constitute the crime of conspiracy to commit a felony, then the judgment of the court must be affirmed.

The appellant's brief is in substantial compliance with the rules of this court, therefore, this appeal will be considered on its merits.

Appellant contends that the facts shown by the evidence do not constitute the crime of conspiracy to commit the felony of obtaining property by false pretenses, because the conditional sales contract provided that title to the watch should not pass until the full purchase price thereof had been paid. In support of this contention appellant insists that in order to con-

stitute the offense of obtaining property by false pre-
tenses the owner of the property, relying on the fraud,
must intend to pass title to such property, and cites
*Roberts* v. *State* (1914), 181 Ind. 520, 104 N. E. 970,
which case holds that where an owner had been induced
by fraud to deliver a check intending to pass title
thereto, the one perpetrating the fraud was not guilty
of larceny. In that case the court said that since the
owner intended to pass title to the check the wrongdoer
was guilty of obtaining property by false pretenses. In
most of the cases where the courts have distinguished
between the two crimes on the fact as to whether title
passed, the property in question was money and the
owner either intended to part with the absolute title
or intended to give only bare possession with no interest
in or claim to the property.

Our statute defining the crime of obtaining property
by false pretenses states that, "Whoever with intent to
defraud another, designedly, by color of . . .
■ any false pretense, obtains . . . the transfer of
. . . anything of value . . ." shall be guilty of
the crime. § 10-2103, Burns' 1933, § 2747 Baldwin's
1934. There is no question in the instant case as to
the "intent to defraud." The evidence also shows that
the "false pretenses" were made "designedly" for the
purpose of procuring the property and that the "trans-
fer" of "something of value" was obtained. The New
Century Dictionary defines transfer as "To convey or
remove from one place, person, etc., to another; pass
or hand over from one to another; specif., to make over
the possession or control of (as, to transfer a title to
land) ; sell or give; . . ." It cannot be seriously con-
tended that this statute requires that the absolute title
to the property pass from the owner to the wrongdoer
in order to make the wrongdoer guilty of the crime

therein defined. At most the title obtained by fraud is a voidable title.

The conditional sales contract used in the instant case stated that the title to the watch should not pass to the purchaser until payment for the property had been completed. It also provided, however, that upon the happening of certain contingencies the entire purchase price should become due and collectible; and that the purchaser should not sell, mortgage, or otherwise dispose of such property without the written consent of the seller. By the delivery of the article to the purchaser under this contract, the company gave the purchaser more than the bare possession of the watch. The purchaser was given the right to acquire the absolute title to the watch by completing the payments pursuant to the terms of the contract. It was the intention of the appellant and the purchaser to deprive the company of the property without such payment. The acts of the appellant, as charged in the indictment and proved by the evidence, were sufficient to constitute the crime of conspiring to commit the felony of obtaining property by false pretenses as defined by our statute. § 10-2103, Burns' 1933, § 2747, Baldwin's 1934, *supra.*

The appellant insists that in a case where the possession of the property is obtained by fraud and title does not pass, the crime is larceny rather than obtaining property by false pretenses. If in the instant case the facts as alleged and proved do constitute larceny instead of obtaining property by false pretenses the appellant is still guilty of conspiring to commit a felony as charged in the first count of the indictment § 10-1101, Burns' 1933, § 2909, Baldwin's 1934, and the finding and judgment of the court is, therefore, correct. *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 748.

At the time the plan for obtaining the watch was agreed to between the conspirators the appellant was forty-one years of age and Pollitt was eighteen. The plan was to "make some money" by procuring watches in this manner. The young accomplice was to go to the store, while the appellant remained in comparative safety at a distant telephone to confirm the false representations of the accomplice and thereby induce the company to deliver the property. We have in this case all of the necessary elements of the crime of conspiracy to commit the felony of obtaining property by false pretenses. *Musgrave* v. *State* (1892), 133 Ind. 297, 305, 32 N. E. 885.

Appellant's second proposition states that the finding of the court "is based solely on the uncorroborated testimony of his alleged accomplice, Kenneth Pollitt, confessed criminal and falsifier, and such testimony should be cautiously received and carefully scrutinized by the court." This proposition is based on certain language used by this court in the case of *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669, but in that case this court recognized the rule "that a conviction may be sustained supported only by the evidence of an accomplice" where there "is substantive evidence in support of the required material facts essential to a conviction." In that case the court explained what was meant by "substantive evidence" by saying, "It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla (citing cases)."

In the instant case the testimony of Pollitt, if given full faith and credit, shows clearly an agreement between him and the appellant on a plan to defraud the jewelry company. By other witnesses it was shown that the false representations were made; that a close

relationship existed between Pollitt and the appellant; that when the jewelry company called the telephone number given by Pollitt, the telephone was answered by someone who confirmed the false representations made to the jewelry company by Pollitt; that appellant redeemed the watch in question from a pawn shop; and that the police recovered the watch from the possession of the appellant. Since these facts were all shown by witnesses other than Pollitt, it can hardly be said that the finding of the trial court was based solely on his testimony. There was substantial evidence in support of every fact necessary to the conviction.

In his third proposition appellant complains of the failure of the state to introduce various items of evidence in proof of the consummation of the felony which appellant and his accomplice conspired to commit, and insists that such evidence was necessary to conviction. This court has stated in many cases that on an indictment for conspiracy to commit a felony, it need not be shown that the purposed felony was actually committed. *Miller* v. *State* (1881), 79 Ind. 198, 204; *Shircliff* v. *State* (1884), 96 Ind. 369, 371; *McDaniels* v. *State* (1916), 185 Ind. 245, 113 N. E. 1004; *Lynn* v. *State* (1934), 207 Ind. 393, 193 N. E. 380.

The finding of the trial court is sustained by sufficient evidence and is not contrary to law.

The judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 999.