MITCHELL *v.* STATE OF INDIANA.

[No. 28,986.   Filed November 19, 1953.   Rehearing denied
January 6, 1954.   Certiorari den. U. S. Sup. Ct.
May 24, 1954.]

*Sam Blum, John A. Carson* and *Albert W. Ewbank,*
all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,*
Deputy Attorney General, for appellee.

FLANAGAN, J.—Eight separate indictments charging
various violations of the gaming laws were consolidated
for trial and appellant was found guilty on each in-
dictment.  The trial was by jury.

The evidence consisted largely of what was discovered
upon a search made pursuant to the provisions of §48-
6111, Burns' 1950 Replacement, which reads as follows:

"If any member of such force (reference is to
police force), or if any two (2) or more house-
holders in such city, shall report in writing under
his or their signature, to the chief of police, that
there are good grounds, stating the same, for be-
lieving that any house, room or premises within

such city are kept or used as a common gaming-house, room or premises for therein playing for wagers or at any game of chance or that such premises are kept for lewd or obscene purposes of amusement, or for the deposit or sale of lottery tickets or policies, it shall be lawful for such chief, in writing, to authorize any member of such police force to enter such premises; and the officer so appointed shall forthwith arrest all persons there found offending against the law, and seize all instruments of gaming or lottery tickets, and deliver the same to the chief, who shall destroy them."

The first question presented is whether the above act is constitutional. Clearly it is not.

The Constitution of the United States provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Amendment 4.

The Constitution of the State of Indiana provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Section 11, Article 1.

The determination of the question whether there is probable cause for the issuance of a search warrant is a judicial function. *Bedenarzik* v. *State* (1933), 204 Ind. 517, 185 N. E. 114. The statute above quoted does not provide for such judicial determination, and is therefore unconstitutional and void.

The next question is whether appellant waived his right to complain about the illegal search. A motion to suppress was duly filed in which the illegality of the search was squarely presented.

On the hearing, certain property not here involved and not contraband was found to be the legitimate property of appellant and ordered returned to him. But, with that exception, the hearing showed that the appellant denied ownership of or interest in the property seized or the premises searched. In conformity with that contention of appellant, a stipulation was entered in which the court stated that after the return of the property claimed by appellant as his, as above set forth, the motion to suppress should be overruled in all other respects. This waived objections to the illegality of the search. *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439.

The question of the constitutionality of the above-quoted statute is presented in a number of different ways. However, having decided that question, and that the illegality of the search was waived, we will give no further notice to this question when further specifically presented.

We will proceed to examine other questions raised.

A plea in abatement was addressed to each indictment. To each of these pleas a demurrer was sustained. The abatement pleas alleged (1) that the grand jury took the inquiry into appellant's alleged offenses out of order and (2) that the prosecutor's office unduly influenced the action of the grand jury.

Section 9-824, Burns' 1942 Replacement, sets out the order of business by a grand jury. But this act is advisory only. The grand jury being a part of the judicial branch of government must have reasonable discretionary power in determining the order of conducting its business.

The charge in the plea in abatement that the prosecutor's office unduly influenced the grand jury consists of allegations that too many witnesses were outside the grand jury room when the grand jury arrived there and that too many deputy prosecutors were allowed to be in the grand jury room. But there are only alleged conclusions that such facts had an undue influence. Only facts well pleaded are admitted by a demurrer to a plea in abatement; conclusions cannot be considered and add nothing. *DeLong* v. *State* (1929), 201 Ind. 302, 168 N. E. 22. The demurrer was properly sustained.

Appellant filed a motion for change of venue from the county on his pleas in abatement. Change was denied. We have above held that no issues of fact were presented by the pleas in abatement. The only ground for change of venue from the county in a criminal case is "the excitement or prejudice against the defendant in the county or in some part thereof." Section 9-1301, Burns' 1942 Replacement. Motions for change of venue under this statute and for this cause are addressed to the sound discretion of the trial court in all cases except those punishable by death. Section 9-1305, Burns' 1942 Replacement. Assuming that a change of venue in a criminal case is proper upon a plea in abatement, the case here, never-. theless, shows only questions of law presented. These questions we have decided against the appellant. It therefore follows that the trial court could not have abused its discretion to appellant's harm. The rule seems logical that where a demurrer is properly sustained to a plea in abatement in a criminal case no reversible error can exist in refusing a change of venue on such plea in abatement.

Appellant filed motions to quash the indictments on the grounds that they do not contain certain and

definite averments as to the amounts of money involved and the particular games involved. As to the exact amounts of money involved, the grand jury alleges that the amounts are to them unknown. Upon careful examination of the several gaming statutes involved, we are unable to discover where in any of them the exact amount of money is an essential element of the offense. The fact that money and not another kind of property was involved is specifically set forth. This is followed by the statement that the exact amount is not known to the grand jury. That sufficiently describes the property involved. See *Markle* v. *State* (1852), 3 Ind. 535, and *Lewis* v. *State* (1888), 113 Ind. 59, 14 N. E. 892. As to the specific description of the nature of the game, appellant admits that the name of the game is set out, but the indictments do not state the description or method by which the game is played. No such requirement is necessary. *State* v. *Bougher* (1833), 3 Blackf. 307; *State* v. *Maxwell* (1839), 5 Blackf. 230.

Appellant complains that a special venire of jurors was used without any evidence that the regular panel had been exhausted. There is no evidence in the record that the regular panel had not been exhausted, and the statement of the court is there that it had been. In the absence of any showing to the contrary, we shall assume that the trial court properly performed its procedural functions.

Appellant filed a motion for a change of venue from the county in the case proper, which, upon presentation of evidence, was denied. The evidence was conflicting and voluminous. The motion was addressed to the discretion of the trial court. Sections 9-1301 and 9-1305, Burns' 1942 Replacement; *Vehling* v. *State* (1936), 210 Ind. 17, 196 N. E. 107. No abuse of discretion is here shown.

Upon agreement of the parties, the eight separate indictments here involved were consolidated for trial "if that was permitted under the law." Later, appellant wanted them separated and the State chose which it would pursue. We know of no reason why parties cannot agree to consolidate for trial several indictments charging violations of the gaming laws, as several counts of an indictment are tried together. Nor do we see why a defendant should, after entering into such an agreement, be permitted to ask for a separation without asserting some reason therefor. Here no reason was given.

The court submitted this case to a jury for trial after appellant had waived his right to trial by jury. He says this is error. Appellant certainly was entitled to trial by jury and was entitled to waive that right. But we know of no authority or reason for a contention that he had a right to demand trial without jury.

Appellant objects to certain witnesses being permitted to testify that they placed bets in his alleged place of business when he was not present. There had been evidence from which the court could conclude that appellant was the operator of the place in question and was there operating a gaming house. His presence certainly could not be vital to testimony of actual bets placed there.

Appellant wanted three peremptory challenges for each indictment, a total of twenty-four. Section 9-1502, Burns' 1942 Replacement, provides for three peremptory challenges in cases of misdemeanor. When the indictments in this case were consolidated there was one jury. The statute grants only three challenges as to each jury. The court properly denied this request.

Finally, appellant objects to the giving and refusal of certain instructions.

His tendered instruction numbered 3 seeks to instruct the jury that the appellant could not be convicted under the particular indictment to which it relates if the evidence showed that the defendant did not keep the device involved for gambling with another person for the purpose of gaining money, and appellant did not use the device to play games himself for the purpose of obtaining money from other persons. This is not correct. The statute in question, §10-2312, Burns' 1942 Replacement, provides that conviction may be based on the *allowance of the use of the device* for gaming purposes.

Appellant's tendered instruction numbered 5 is subject to similar objection. It seeks to instruct the jury that no conviction can be had unless the appellant, himself, gambled. But the statute under which the particular indictment to which this instruction relates, §10-2311, Burns' 1942 Replacement, provides that conviction may follow if the evidence shows that the defendant *frequented any place where gambling was permitted.*

Appellant objected to the State's tendered instructions numbered 1 and 3 because they state in effect that appellant's gambling operations could be carried out through agents. He says there can be no principal and accessories in the commission of a misdemeanor. With this we agree. The correct rule is that all concerned in the commission of a misdemeanor are liable as principals. *McDaniels* v. *State* (1916), 185 Ind. 245, 113 N. E. 1004. One operating in the gambling field who takes the profits, but has agents or servants actually handle the details, certainly is concerned in the commission of the misdemeanor.

We find no reversible error in the record.

Judgment affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 595.