ROBERT L. STOKES *v.* STATE OF INDIANA.

[No. 3-1274A205. Filed March 22, 1976.]

*J. Michael Katz, Katz & Brenman,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

HOFFMAN, J.—From his conviction of the offense of possession of heroin, defendant-appellant Robert L. Stokes has taken this appeal. The only issue which will be considered on review is whether the trial court erred in denying appellant's motion to quash a search warrant and suppress and reject certain evidence obtained pursuant thereto.

The record discloses that on June 8, 1973, Officer John J. McBride of the Gary Police Department filed an affidavit with Lee T. Christakis, Referee of the Gary City Court, who, on the date in question was purportedly sitting as Judge Pro Tempore of the Gary City Court. Based upon the information contained in the affidavit, Christakis issued a warrant authorizing a search of a building located at 2668 Polk Street in Gary, Indiana. The search which was undertaken on the same day resulted in the seizure of narcotics, related paraphernalia and weapons. Some of the items so obtained were later admitted into evidence at trial in the present case over the objection of the defendant.

Appellant contends that the warrant was not signed by a person authorized to issue such warrants. In particular, he asserts that Christakis was not shown to have been appointed as Judge Pro Tempore for the date of June 8, 1973, nor was he otherwise shown to have been qualified to issue search warrants at such time.

We note the complete absence in the record of any written document evidencing the appointment of Lee T. Christakis as Judge Pro Tempore of the Gary City Court for the day in question. Ind. Rules of Procedure, Trial Rule 63(E), provides, in pertinent part, that,

"A judge who is unable to attend and preside at his court for any cause may *appoint in writing* a judge pro tempore to conduct the business of this court during his absence. *The written appointment shall be entered in the records of the court.* When duly sworn, or without being sworn if he is a judge of a court of this state, the judge pro tempore shall have the same authority during the period of his appointment as the judge he replaces." (Emphasis supplied.)

In the absence of such an appointment, we turn to the question of whether Christakis, acting in his capacity as Referee of the Gary City Court, possessed the legal authority to approve and sign the search warrant.

IC 1971, 33-13-10-2 (Burns Code Ed.), which is concerned with the powers and duties of a referee of a city court, provides as follows:

> "Said referees shall serve at the pleasure of the city judge and take the same oath of office as now provided for said city judge, and shall have the same qualifications for office as now required for the city judge. Said referees shall have powers to administer oaths in the performance of their duties, to use the seal of said court, and in all cases coming before him, shall comply with the requirements of and conform to the procedure provided for the hearing of cases by the court, and he shall make return of his findings and recommendations in writing to the court, which shall proceed to enter such order, judgment or decree as it may deem proper."

Those persons authorized to issue search warrants in this State are listed in IC 1971, 35-1-6-1(a) (Burns Code Ed.), which provides, in pertinent part, as follows:

> "Justices of the peace, judge of any city court, town court or magistrates court or the judge of any court of record, may issue warrants upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized, ***."

From the language of IC 1971, 33-13-10-2, *supra,* it is clear that a referee of a city court is a court officer empowered to hear cases referred to him by the court; he is authorized to hear witnesses and receive evidence.

[1-4] The statute, however, accords the referee no authority, either express or implied, to issue orders or decrees which represent binding judicial determinations in the cases which have been assigned to him. *Cf: Mitchell* v. *State* (1953), 233 Ind. 16, 115 N.E.2d 595 (*Cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1114). The role of the referee is that

of fact finder, and the judge is not bound by his findings. As for IC 1971, 35-1-6-1(a), *supra,* there is no reference to a referee within the listing of those authorized to issue search warrants. On the basis of the foregoing, it can only be concluded that a referee lacks the necessary authority to make the final and binding determination involved in the issuance of such a warrant.

It should be noted in passing that the State has not sought to justify a warrantless search in this instance; and, for want of any argument on the question we cannot now determine whether such a search would have been permissible. But consider, *Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E. 2d 750.

The search warrant in question was not shown to have been issued by an individual qualified to do so and the trial court erred in denying appellant's motion to quash the search warrant and suppress and reject evidence.

Reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 343 N.E.2d 788.