## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2019, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gregory Alan Caudle
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill., Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Alan Caudle,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

September 5, 2019

Court of Appeals Case No.
18A-PC-2292

Appeal from the
Marion Superior Court

The Honorable
Sheila Carlisle, Judge

The Honorable
Stanley E. Kroh, Magistrate

Trial Court Cause No.
49G03-1603-PC-9902

**Vaidik, Chief Judge.**

# Case Summary

[1] Gregory Alan Caudle appeals the denial of his petition for post-conviction relief. We affirm.

# Facts and Procedural History

[2] In 2013, Caudle was convicted of burglary, resisting law enforcement, and being a habitual offender in Marion Superior Court, and the trial court sentenced him to thirty-eight years. Caudle initially pursued a direct appeal but later withdrew it. This Court then dismissed his appeal with prejudice in February 2014. *See* 49A02-1308-CR-685.

[3] In March 2016, Caudle filed a pro se petition for post-conviction relief alleging that the charging information was defective because it did not contain the "indorsement" "Approved by me" signed by the prosecuting attorney, as required by a statute that existed in 1933. *See Lynn v. State*, 207 Ind. 393, 193 N.E. 380 (1934). Accordingly, Caudle claimed that the trial court lacked jurisdiction because there was "no commencement of criminal action." Appellant's P-C App. p. 13.

[4] Along with his petition Caudle filed a motion to forego an evidentiary hearing and to proceed by affidavit. The post-conviction court granted this request and ordered affidavits to be filed on or before June 21, 2016, and findings and

conclusions to be filed by September 20, 2016.[1]  *Id.* at 4; Appellee's P-C App. p. 2.  Although it doesn't appear that Caudle filed any affidavits, he asked the court to take judicial notice of its file and the record in his direct appeal, which the court agreed to do.  Appellant's P-C App. p. 47.  On June 22—the day after affidavits were due—Caudle filed a motion for an evidentiary hearing pursuant to Indiana Post-Conviction Rule 1(9)(b).  *Id.* at 20b.  The post-conviction court denied this motion given the "claims raised on PCR" and the fact that Caudle had "previously requested to proceed by affidavit."  *Id.*

[5]  On August 12, Caudle filed a motion to amend his petition for post-conviction relief in order to add a claim of ineffective assistance of appellate counsel.  The post-conviction court denied this motion.  *Id.* at 59.  Following the submission of proposed findings and conclusions by each party, the post-conviction court entered an order denying relief.

[6]  Caudle, pro se, now appeals.

# Discussion and Decision

[7]  Caudle contends that the post-conviction court erred in denying relief.  A defendant who files a petition for post-conviction relief has the burden of establishing the grounds for relief by a preponderance of the evidence.  *Hollowell*

---

[1] Due to several motions filed by Caudle (including Caudle's attempt to seek an interlocutory appeal) and continuances by the State, the due date was extended to July 31, 2018.

*v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014). If the post-conviction court denies relief, and the petitioner appeals, the petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 269.

[8] Caudle first argues that the post-conviction court erred in denying his motion for an evidentiary hearing pursuant to Post-Conviction Rule 1(9)(b), which provides:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

We review a post-conviction court's "decision to forego an evidentiary hearing when affidavits have been submitted under Rule 1(9)(b) under an abuse of discretion standard." *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*.

[9] Here, the post-conviction court proceeded by affidavit **at Caudle's own request**. Then, after the deadline for submitting affidavits had passed, Caudle "change[d] his mind" and requested an evidentiary hearing. Appellant's Br. p. 11. Given the narrow, legal nature of the claim Caudle raised in his petition (whether the charging information was defective because it wasn't signed by the prosecuting attorney) and the fact that he was the one who requested to proceed

by affidavit, the court did not abuse its discretion in denying Caudle's motion for an evidentiary hearing.

[10] Caudle next argues that the post-conviction court erred in denying his motion to amend his petition for post-conviction relief. Indiana Post-Conviction Rule 1(4)(c) addresses the amendment of post-conviction petitions as follows:

> At any time prior to entry of judgment the court may grant leave to withdraw the petition. The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. **Any later amendment of the petition shall be by leave of the court.**

(Emphasis added). Although this case was not set for trial, affidavits were due on June 22, 2016, which is the equivalent of the trial date. But Caudle didn't file his motion to amend his petition until August 12—nearly two months **after** the June 22 deadline. Caudle claims that the post-conviction court "abused [its] discretion" in denying his motion because the amendment didn't change the substance of his petition but rather "merely wr[ote] between the lines to give a more indept[h] petition by showing how ineffective assist[a]nce played a part in the claim." Appellant's Br. p. 12. A review of Caudle's motion to amend his petition, however, shows that he was not simply filling in his defective-charging-information argument; rather, he was raising a new issue. *See* Appellee's P-C App. pp. 3-6. The post-conviction court did not abuse its discretion in denying Caudle's motion to amend his petition filed after the evidentiary deadline had passed.

[11] Finally, Caudle argues that the post-conviction court erred in denying relief on his claim that his charging information was defective because it did not contain the "indorsement" "Approved by me" signed by the prosecuting attorney, as required by a statute that existed in 1933. Regardless of what the law said in 1933, it is no longer the law. Indiana Code section 35-34-1-2(c)—which Caudle does not even acknowledge on appeal—now provides that the charging information "shall be signed by the prosecuting attorney **or the prosecuting attorney's deputy**." (Emphasis added). This has been the law since at least 1973. *See* Ind. Code 35-3.1-1-2(6)(b); Acts 1973, P.L. 325. Here, Caudle's charging documents were signed by a deputy prosecuting attorney. *See* Appellant's Direct Appeal App. pp. 30, 55. The post-conviction court properly denied relief on this claim.[2]

[12] Affirmed.

Riley, J., and Bradford, J., concur.

---

[2] Caudle also appears to argue that the State's answer to his petition for post-conviction relief was somehow improper because the State filed its appearance about ten days after filing its answer. Caudle did not raise this issue below. Therefore, it is waived.